485 P.2d 549

The STATE of Arizona ex rel. Joe PURCELL, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Donald F. Froeb, a Judge thereof; and William Roy BARTON, et al., Real Parties In Interest, Respondents.

No. 10352.

Supreme Court of Arizona, In Banc.

May 27, 1971.

Joe R. Purcell, City Atty., by Toby Maureen Gerst, Asst. City Atty., Phoenix, for petitioner.

James T. Bialac, Phoenix, for respondents.

STRUCKMEYER, Chief Justice.

This action was commenced as a special action under the Constitution of Arizona, Article VI, § 5, and Rules for Special Actions, A.R.S. 17, to overturn a judgment of the Superior Court of Maricopa County prohibiting the Magistrate Court of the City of Phoenix from proceeding against respondents, real parties in interest, on traffic violation charges, principally A.R.S. § 28–692, driving while under the influence of intoxicating liquor.

Respondents, real parties in interest, have been charged with a variety of traffic complaints in the Magistrate Court in the City of Phoenix, County of Maricopa, State of Arizona. The Magistrate Court set trial dates for the complaints and was proposing to try the real parties in interest when as plaintiffs they brought an original action in the Superior Court of Maricopa County to prohibit the Magistrate Court from proceeding against them. It was asserted that the real parties in interest were arrested but they were not taken before a magistrate as is required by Arizona's Statute § 28–1053. Instead, traffic complaints were certified and delivered to them by the arresting officers. The Superior Court entered judgment prohibiting the Magistrate Court of the City of Phoenix and Eugene K. Mangum, Chief Magistrate, from proceeding against the real parties in interest. This special action was brought to test the propriety of the lower court's ruling. Judgment of the Superior Court ordered vacated.

By A.R.S. § 28–1053, when a person is arrested for a misdemeanor, he shall immediately be taken before a magistrate in any of the following cases: When he demands an immediate appearance before a magistrate; when he is charged with negligent homicide; when he is charged with driving while under the influence of intoxicating liquor or narcotic drugs; when he is charged with failure to stop in the

event of an accident; when it appears that the person is about to leave the jurisdiction of the State; when he refuses to give his written promise to appear in court.

Alternatively, by § 28-1054, when a person is arrested for any traffic violation punishable as a misdemeanor and the person is not taken immediately before a magistrate as required by § 28-1053, the arresting officer shall prepare a written notice in quadruplicate to appear in court and the arrested person shall give his written promise to appear by signing one copy of the written notice. A.R.S. § 28-1053 was adopted by the Legislature in 1950 and amended in 1959. Since Title 28 of Arizona's Revised Statutes concerns motor vehicles and involves only offenses relating to their operation, § 28-1053 relates only to the prosecution of motor vehicle offenses.

By Chapter 89, § 1, Laws of 1966, as amended by Chapter 129, § 3, Laws of 1969, the Legislature enacted a statute providing that in any case in which a person is arrested for a misdemeanor, the arresting officer may release the person from custody if the arrested person shall give his written promise to appear in court by signing one copy of a complaint and written notice to appear prepared by the arresting officer. This statute now appears as A.R.S. § 13-1422.[1]

It is apparent from a cursory examination of the statutes, § 13-1422 and §§ 28-1053 and 28-1054, that they relate to the same subject; that is, the release of an arrested person from custody in lieu of taking him before a magistrate or to the police station. As stated, Title 28 of the Arizona Revised Statutes relates to motor vehicles and §§ 28-1053 and 1054 to the prosecution of motor vehicle offenses. Section 13-1422 is, on the contrary, nonspecific, referring to all misdemeanors. It is part of the Criminal Code, Title 13, and Article I, Chapter 5 thereof, entitled "Arrest". The principal and vital distinction between § 13-1422 and §§ 28-1053 and 28-1054 is, therefore, that the Legislature, by § 13-1422, has lodged discretion in the arresting officer *in every case* of a misdemeanor to either take the person arrested to jail or before a magistrate or release him upon his written promise to appear. The language is explicit in the use of the words "in any case" and "at any time". Hence, by § 13-1422 the arresting officer is not compelled to, but may, *for example*, take a person charged with driving while

---

[1] "§ 13-1422. Notice to appear and complaint

A. In any case in which a person is arrested for an offense that is a misdemeanor, the arresting officer may release the arrested person from custody in lieu of taking such person to the police station by use of the procedure prescribed in this section.

B. At any time after taking a person arrested for an offense that is a misdemeanor to the police station, the arresting officer may, instead of taking such person to a magistrate, release such person from further custody by use of the procedure prescribed in this section.

C. In any case in which a person is arrested for an offense that is a misdemeanor, the arresting officer may prepare in quadruplicate a written notice to appear and complaint, containing the name and address of such person, the offense charged, and the time and place where and when such person shall appear in court, provided:

1. The time specified in the notice to appear is at least five days after arrest.
2. The place specified in the notice shall be the court specified in § 13-1418, subsection A.
3. The arrested person in order to secure release as provided in this section, shall give his written promise so to appear in court by signing at least one copy of the written notice and complaint prepared by the arresting officer. The officer shall deliver a copy of the notice and complaint to the person promising to appear. Thereupon, the officer shall forthwith release the person arrested from custody.
4. The officer shall, as soon as practical, deliver the original notice and complaint to the magistrate specified therein. Thereupon, the magistrate shall promptly file the notice and complaint and enter it into the docket of the court. * * *."

under the influence of intoxicating liquor before a magistrate. We hold that while § 28–1053 relates to motor vehicle misdemeanors, § 13–1422 applies to all misdemeanors, including motor vehicles.

■ This Court, of course, has a duty to harmonize statutes and will not construe a statute as repealed by implication if it can avoid doing so. State Land Department v. Tucson Rock and Sand Co., 107 Ariz. 74, 481 P.2d 867. However, where two statutes are so in conflict that they cannot stand together upon any reasonable construction, a legislative intent to repeal or supersede the former statute is apparent. Webb v. Dixon, 104 Ariz. 473, 455 P.2d 447; Southern Pacific Company v. Gila County, 56 Ariz. 499, 109 P.2d 610; Favour v. Frohmiller, 44 Ariz. 286, 36 P.2d 576. We hold here that §§ 28–1053 and 28–1054 were repealed by the enactment of §§ 13–1422 and 13–1423.

■ The real parties in interest rely in part on the Arizona Constitution, Article VI, § 5 [5]. That article places in the Arizona Supreme Court the power to make rules relative to all procedural matters in any court in the State. They urge that § 13–1422 is unconstitutional because it encroaches upon the Court's power to formulate rules of procedure. We do not agree.

■ We apply the principle heretofore announced that statutory rules accompanying newly created rights will be deemed to be rules of court until specifically modified or suspended by rules promulgated on the authority of Article 6, § 5 ·of the Constitution. State v. Blazak, 105 Ariz. 216, 462 P.2d 84. Our rules of procedure in traffic cases specifically recognize the possibility of conflict, for by Rule XII it is provided that the traffic rules of procedure do not effect the deletion or modification of any law governing procedure in criminal cases. Until we conclude that the legislative procedures are inadequate or other procedures will best effectuate the new right, the legislative action will be deemed the rules of this Court.

The judgment of the Superior Court of Maricopa County in Cause No. C–23910 of its records and files is ordered vacated.

HAYS, V. C. J., and UDALL, LOCKWOOD, and CAMERON, JJ., concur.