646 P.2d 284

**STATE of Arizona, ex rel. Andy BAUMERT, Phoenix City Attorney, Petitioner,**

v.

**The SUPERIOR COURT of the COUNTY OF MARICOPA, and the Honorable James Moeller, Judge thereof; the Municipal Court of the City of Phoenix, Arizona, and The Honorable Patricia A. Whitehead, Judge thereof, and Michael R. Plesher, Defendant and Real Party in Interest, Respondents.**

No. 15975–SA.

Supreme Court of Arizona, In Banc.

June 1, 1982.

Andrew Baumert, Phoenix City Atty., pro se.

Marvin A. Sondag, Asst. City Prosecutor, Phoenix, for petitioner.

Harold Riddel, Phoenix, for real party in interest.

GORDON, Vice Chief Justice:

Real party in interest Michael R. Plesher was arrested on November 20, 1980. He

was charged with driving while intoxicated under A.R.S. § 28–692(A) and with committing various other traffic offenses. After taking a blood alcohol test at the police station and giving his promise to appear in court, Plesher was released by the arresting officer pursuant to A.R.S. § 13–3903.

Not counting time excluded under Ariz.R. Crim.P. 8.4, Plesher came to trial 137 days later. He was acquitted of one charge but convicted of the others at a bench trial in Phoenix Municipal Court.

Plesher appealed to the respondent superior court. On a motion for rehearing after affirmance of the conviction, he convinced the superior court that he had been denied the right to a speedy trial. The court found that the 120 day time limit of Ariz.R. Crim.P. 8.2(c) applied rather than the 150 day time limit of Rule 8.2(a). Because Plesher was tried more than 120 nonexcludable days after the filing of the complaint, the court dismissed the charges under Rule 8.6.

The prosecutor then brought this special action. We accepted jurisdiction pursuant to Ariz.Const.Art. 6, § 5(1) to answer the question whether the time limits of Ariz.R. Crim.P. 8.2(a) or 8.2(c) apply when a defendant in a traffic case is issued a complaint and released by the arresting officer after giving a promise to appear in court pursuant to A.R.S. § 13–3903.

The relevant portions of Rule 8.2 provide:

"a. *All Defendants.* Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the arrest or service of summons under Rule 3.1 except for those excluded periods set forth in Rule 8.4 below.

\*   \*   \*   \*   \*   \*

"c. *Defendants Released from Custody.* Every person released under Rule 7 shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a magistrate on the complaint, indictment or information, or within 90 days from the date of his arraignment before the trial court, whichever is the greater."

The respondent court apparently found that Plesher's release under A.R.S. § 13–3903 was equivalent to a release under Ariz.R. Crim.P. 7 and thereby was within the time limits of Rule 8.2(c). We disagree.

It is clear from Rule 7.2(a) that a pretrial release under Rule 7 requires a hearing before a court.[1] As part of the pretrial release, the defendant is required to: (1) submit "to the orders and process" of the appropriate court; (2) refrain from committing other offenses; and (3) "not depart the state without leave of court." Rule 7.3(a).[2] A release under A.R.S. § 13–3903, which applies to all misdemeanors including traffic offenses, *State ex rel. Purcell v. Superior Court,* 107 Ariz. 224, 485 P.2d 549 (1971), is quite different. Whether the defendant is released is solely within the discretion of the arresting officer. If the arresting officer decides to release, the defendant is not brought before a magistrate but must sign a promise to appear in court. The two release methods are not equivalent.

Because a release under A.R.S. § 13–3903 is not a Rule 7 release and because Rules 8.2(b) and (d) do not apply, the time within which a defendant released under § 13–3903 must be tried is 150 nonexcludable days from the arrest or service of summons. Rule 8.2(a). The shorter period for Rule 7 releases is justified by the stricter conditions of a Rule 7 release. The only mandatory condition of an A.R.S. § 13–3903 release is a promise to appear. A person

---

1. "Any person charged with an offense bailable as a matter of right shall be released pending or during trial on his own recognizance, *unless the court determines,* in its discretion, that such a release will not reasonably assure his appearance as required." Ariz.R.Crim.P. 7.2(a) (emphasis added).

2. Rule 7.3(b) contains other conditions of release that the court may impose to secure the defendant's appearance.

released under Rule 7.2 must not only appear in court to avoid pretrial incarceration but also must not commit any other criminal offense and must not leave the state without the court's permission.[3]

Because the respondent court erroneously applied the Rule 8.2(c) time limit in the instant case, it abused its discretion within the meaning of Ariz.R.P.Sp.Act 3(c). Special action relief is therefore appropriate. Plesher was tried within the 150 day time limit of Ariz.R.Crim.P. 8.2(a). Thus, Plesher's convictions should be upheld. The case is remanded to the respondent superior court with instructions to remand it to the Phoenix Municipal Court for execution of sentence.

The prayer for relief is granted.

HOLOHAN, C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**3.** Rule 8.2(b) is also consistent with this rationale. A defendant falling within that rule is incarcerated—the most onerous of pretrial conditions. Thus, the time limits under Rule 8.2(b) are even shorter than under 8.2(c).