**UNITED STATES of America, Plaintiff,**

**v.**

**Anthony RAMOS, Defendant.**

**No. CR 92–648–TUC–WDB.**

United States District Court,
D. Arizona.

March 12, 1993.

Ted B. Borek, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Joseph P. St. Louis, Atty., Tucson, AZ, for defendant.

### ORDER

WILLIAM D. BROWNING, Chief Judge.

Pending before the Court is the government's Motion for Reconsideration of the Court's previous ruling granting Defendant's Motion to Suppress. For the following reasons, the Court will deny the government's Motion.

### OPINION AND ORDER

This matter is before the Court on the question of whether the search of Defendant's vehicle, yielding two weapons, cocaine, and marijuana obtained from a closed backpack in the front seat of his car, was lawful. The government seeks to justify the search on the basis of a lawful arrest for the misdemeanor traffic offense of reckless driving.

The evidence at the hearing disclosed that, on June 2, 1992, Defendant was traveling

---

between 100 and 125 miles an hour on an interstate freeway. He drove up behind the highway patrolman's automobile at this high rate of speed and swerved into another lane to miss both the highway patrolman and an adjacent motorist. He then slowed to approximately 65 miles an hour, traveled roughly one mile and made a lawful, non-dangerous, exit from the freeway on an off-ramp. Defendant came to a stop at the bottom of the off-ramp, executed a lawful left turn, and traveled some distance before the officer pulled him over. Defendant then pulled into a business park and lawfully parked his vehicle. These events occurred during daylight.

The officer stopped behind Defendant and ordered him to exit his vehicle. The officer placed Defendant under arrest, handcuffed him and placed him in the patrol car. According to the testimony, the officer had decided to arrest Defendant for reckless driving prior to pulling him over. The officer had no cause or reason to believe that Defendant had committed or was committing any other offense. Specifically, the officer had no grounds to suspect that the individual was driving under the influence of intoxicants or was otherwise impaired.

The officer stated that he had no policy governing his decision whether to arrest a person, or to issue a citation and release individuals on their promise to appear ("cite

and release"). Rather, he testified that it was entirely within his discretion. He also testified that it was within his discretion to leave the automobile at the scene or order it impounded. In this case, he ordered it removed from the scene because he did not want Defendant to come back and drive it away. This decision was predicated on what he considered to be Defendant's bad driving habits. At a later hearing, the Court accepted an offer of proof by way of avowal from the Assistant United States Attorney that the officer would testify, if recalled to the stand, that he had information that there had previously been vandalism to vehicles in this area. This was, of course, directly contradictory of the prior evidence on that subject and is viewed by the Court as an attempt to boot strap the officer's rationale for his action.

The officer testified that, although he was not angry, he was very concerned about the conduct of the offender and intended to place him under arrest even before he brought his vehicle to a stop. Defendant is an Hispanic male with long hair and a mustache, who drove an 11 year old Datsun automobile.

Ariz.Rev.Stat.Ann. § 28–1054 (1989)[1] provides that a person stopped for a traffic offense *shall* be given a citation (charge & summons) and released on his written promise to appear. Ariz.Rev.Stat.Ann. § 28–1053 (1989)[2] provides that, in the event that any

---

1. § 28–1054. When person arrested for misdemeanor to be given five days notice to appear in court

    A. When a person is arrested for any violation of this chapter punishable as a misdemeanor, and the person is not immediately taken before a magistrate as required by § 28–1053, the arresting officer shall prepare in quadruplicate written notice to appear in court containing the name and address of the person, the license number of his vehicle, if any, the offense charged and the time and place when and where the person shall appear in court.

    B. The time specified in the notice to appear shall be at least five days after the arrest unless the person arrested demands an earlier hearing.

    C. The place specified in the notice to appear shall be before a magistrate within the city, town, precinct or county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense.

    D. The arrested person in order to secure release as provided in this section, shall give his

written promise so to appear in court by signing at least one copy of the written notice prepared by the arresting officer. The officer shall deliver a copy of the notice to the person promising to appear. Thereupon, the officer shall forthwith release the person arrested from custody.

    E. An officer violating any of the provisions of this section is guilty of misconduct in office and is subject to removal from office.

2. § 28–1053. Arrest by officer without warrant. When a person is arrested for any violation of this chapter punishable as a misdemeanor, the arrested person shall be immediately taken before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense, provided a person taken before a justice of peace shall be taken before the nearest or most accessible with reference to the place where the arrest is made, in any of the following cases:

    1. When a person arrested demands an immediate appearance before a magistrate.

of three enumerated traffic offenses has been committed, the offender shall immediately be taken before a magistrate. Reckless driving, for which Defendant was arrested, is not one of the enumerated offenses.

It is evident from these sections that Arizona clearly desires to protect motorists from arrest for traffic offenses. The three serious offenses enumerated in section 28–1053 (negligent homicide, driving while under the influence of intoxicating liquor or narcotic drugs ("DUI"), and failure to stop at an accident) are the exceptions. In *all* other cases, the person shall be released upon his written promise to appear in court.

Ariz.Rev.Stat.Ann. § 13–3883(A)(3) (1989 & Supp.1992)[3] provides for a warrantless arrest in the event of a misdemeanor committed in the officer's presence and in the event of a violation of Title 28 *resulting in an accident*.[4]

The legislature has thus reaffirmed its position that traffic offenses, as a general rule, are not sufficiently serious to warrant custodial arrest and all the incidents attendant thereon. That this is clearly the intent of the legislative scheme relative to traffic offenses is borne out by a reading of Ariz.Rev.Stat. Ann. § 13–3883(B) (1989 & Supp.)[5], which

provides that an officer may "stop and detain ... as is reasonably necessary *to investigate* [a traffic offense] committed in the officers presence and *may*[6] serve" a citation for any criminal violation provided he/she does so within a reasonable time. The statute authorizing arrest is, therefore, qualified by treating traffic offenses as distinctly different.

There can be no question that, by the addition of section 13–3883(B) in 1990, the legislature meant to curb the power of police to arrest for traffic offenses. They can "stop and detain," but that is a far less onerous consequence than arrest because there can be no search incident thereto or no impoundment. This limitation obtains even when the misdemeanor criminal traffic violation is committed in the officer's presence.

Section 13–3883(B), being specific, qualifies and curbs the police power to arrest conferred by section 13–3883(A)(2). It is likewise consistent with section 13–3883(A)(3) in that the power to arrest for Title 28 offenses exists only if the added factor of a traffic accident is present. Section 13–3883 is also totally consistent with section 28–1053 which specifically deals with the exceptions to the state's policy of freedom from arrest for Title 28 misdemeanors.

---

2. When the person is arrested upon a charge of negligent homicide.

3. When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs.

4. When the person is arrested upon a charge of failure to stop in the event of an accident causing death, personal injuries or damage to property.

5. When it reasonably appears to the arresting officer that the person arrested is about to leave the jurisdiction of the state.

6. In any other event when the person arrested refuses to give his written promise to appear in court as provided in this article.

**3.** § 13–3883(A)

A peace officer may, without a warrant, arrest a person if he has probable cause to believe:

1. A felony has been committed and probable cause to believe the person to be arrested has committed the felony.

2. A misdemeanor has been committed in his presence and probable cause to believe the person to be arrested has committed the offense.

3. The person to be arrested has been involved in a traffic accident and violated any criminal section of title 28, and that such

violation occurred prior to or immediately following such traffic accident.

4. A misdemeanor or a petty offense has been committed and probable cause to believe the person to be arrested has committed the offense. A person arrested under this paragraph is eligible for release under § 13–3903.

**4.** Title 28 of the Arizona Statutes addressed motor vehicle traffic offenses. Title 13, comprises Arizona's Criminal Code.

**5.** § 13–3883(B)

A peace officer may stop and detain a person as is reasonably necessary to investigate an actual or suspected violation of any traffic law committed in the officer's presence and may serve a copy of the traffic complaint for any alleged civil or criminal traffic violation. A peace officer who serves a copy of the traffic complaint shall do so within a reasonable time of the alleged criminal or civil traffic violation.

**6.** This language clearly means that the officer may, or may not, cite the defendant, not that he has the option to arrest or cite.

This analysis of Arizona's statutory scheme is not complete without reference to Ariz. Rev.Stat.Ann. 13–3903 (1989) [7] which specifies a person's rights after having been lawfully arrested. In such event, the officer has the discretion to either keep the person in custody until seen by a magistrate, or cite and release the person. Section 13–3903's predecessor, Ariz.Rev.Stat.Ann. § 13–1422, is devoid of any reference to traffic offenses and is contained in the Criminal Code.

Defendant urges that he was unlawfully arrested and, there being no independent probable cause for a vehicle search, that the search and resultant seizure must be suppressed. The government argues that the arrest was lawful because the officer has unbridled discretion to either arrest for a misdemeanor committed in his presence (including traffic offenses), or to cite and release the defendant. The government cites *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 485 P.2d 549 (1971) as so holding.

*Purcell* involved a traffic stop and arrest for driving while under the influence of intoxicating liquor in violation of Ariz.Rev.Stat. Ann. § 28–692. The defendant sought dismissal of the charges because a violation of section 28–692 is one of the three offenses enumerated in section 28–1053 which commands that the defendant "shall immediately be taken before a magistrate." The *Purcell* defendant argued that he must be acquitted because the officer cited and released him instead of taking him into custody and bringing him before a magistrate. The court held that the officer had discretion, conferred by section 13–1422, to cite and release the defendant for DUI notwithstanding the mandatory language of section 28–1053. This was all that was squarely before the court and necessary for its decision.

Section 28–1054, referred to in the *Purcell* opinion, was not at issue because the narrow issue before the court was simply whether the officer had the discretion to release the defendant notwithstanding the command of section 28–1053. No one claimed that an

officer may arrest notwithstanding the prohibition against arrest in section 28–1054. The question of the consequences of *arresting* someone in contravention of the legislative command of section 28–1054 to release the person was not raised, nor did the court even discuss it.

*Purcell* confers authority to release, not to arrest. Arrest is a much more intrusive and serious consequence than release, and must be viewed in light of entrenched constitutional standards. The court in *Purcell* made no attempt to do so.

Nor does section former section 13–1422, now section 13–3903 confer, limit, or grant the power to arrest. Thus, the Arizona Supreme Court in *Purcell* assumed, and correctly so, the legitimacy of the arrest. The authority to arrest for traffic misdemeanors, which is in contravention of the common law,[8] is conferred by section 13–3883 and expressly limited by section 28–1054.

The *Purcell* Court, after stating the general rules that repeal by implication is to be avoided, and that statutes must be harmonized if possible, states:

> We *hold* here that §§ 28–1053 and 28–1054 were repealed by the enactment of §§ 13–1422 and 13–1423.

*Purcell*, 107 Ariz. at 442, 485 P.2d at 552 (emphasis added).

This Court has sought to give deference to that language, but, as pointed out above, this language is not a holding except insofar as it allows one detained to be released. The *Purcell* Court does not hold, nor did it consider on a full record and deliberative decision, whether an officer has unfettered discretion to arrest or "release". This Court's conclusion that the *Purcell* holding insofar as it purports to relate to non DUI offenses (covered by § 28–1053) is dicta is supported by *Town of Chino Valley v. City of Prescott*, 131 Ariz 78, 638 P.2d 1324 (1982). *Chino*, authored by the Justice Struckmeyer, who wrote *Purcell*, notes that "dictum thrice repeated [and oft relied upon] is still dictum."

---

7. Formerly Ariz.Rev.Stat.Ann. § 13–1422.

8. *See* Barbara C. Salken, *The General Warrant of the Twentieth Century? A Fourth Amendment Solution to Unchecked Discretion to Arrest for Traffic Offenses*, 62 Temp.L.Rev. 221 (1989).

*Chino,* 131 Ariz. at 81, 638 P.2d at 1327. Moreover, the Arizona Supreme Court has announced the bright-line rule that pronouncement on a matter unnecessary to the decision is dicta. *McCluskey v. Industrial Comm.,* 80 Ariz. 255, 258, 296 P.2d 443, 445 (1956).

Section 13–3903 now also provides that, *if an arrest has been made,* a lawful search made incident thereto is not invalidated by the officer's subsequent decision to cite and release the defendant. This section, of course, assumes a lawful arrest and, because the Court has concluded the arrest here is unlawful, is of no comfort to the government. The Court concludes that, although section 28–1054 speaks of "arrested" persons, the term must be read in connection with section 13–3883(B) which authorizes an officer to "stop and detain" rather than "arrest" pursuant to section 13–3883(A). This construction is consistent with the goal of harmonizing the interpretation of the statute if possible. *Purcell,* 107 Ariz. at 552, 485 P.2d at 552 (citing *State Land Department v. Tucson Rock and Sand Co.,* 107 Ariz. 74, 481 P.2d 867 (1971)).

There is ample evidence in the Arizona statutory scheme that the legislature considers sections 28–1053 and 28–1054 to be viable. *See* section 13–3883 (providing for cite and release in all traffic offenses except those involving traffic accidents). The Arizona Rules of Procedure in Traffic Cases refer to sections 28–1053 and 28–1054. This reference exists despite the government's contention of repeal under the authority of *Purcell.*

Indeed, the Arizona Supreme Court has acknowledged that sections 28–1053 and 28–1054 are still extant as the guideposts for determining when Miranda warnings must be given. *Hiveley v. Superior Court,* 154 Ariz. 572, 744 P.2d 673 (1987) (holding *Miranda* warning need not be given in a traffic offense case unless section 28–1053 comes into play or unless there is otherwise a lawful non-traffic arrest is made). The legislative intent was to make all traffic offenses non-custodial encounters save for the limited instances

enumerated in section 28–1053. The purpose of this special treatment of traffic offenses is clear. These are minor offenses, *malum prohibitum* in nature, which do not involve serious breaches of the peace.

Finding a violation of the Motor Vehicle Code is extremely easy. Because it is so easy to justify stopping an detaining persons for these extremely minor offenses, it is an invitation to abuse to grant to peace officers the power of arrest. It would permit the officer the discretion, unfettered by meaningful control or oversight, to arrest or cite and release. In all likelihood, the heaviest impact will fall on motorists such as juveniles, minorities, impolite motorists, and persons whose vehicles or physical appearance are offensive to the officer.

Not only are there costs and inconvenience attendant on such an arrest, but arrests such as these provide an almost unlimited license to search a vehicle. The statutes cited above, if the government is correct, would authorize a stop for any violation, or investigation of a violation pursuant to section 13–3883(B), a subsequent arrest, and a warrantless search of virtually any vehicle traveling on the roadway. Moreover, that the legislature intended traffic citation to be non-custodial is strongly buttressed by the addition of Section E to § 28–1054[9]. This unusual section emphasizes the strong legislative intent that citizens only be minimally disrupted for Title 28 offenses.

Arizona statutes, if such an arrest were valid, would authorize the subsequent search of the vehicle for weapons; for evidence which might be destroyed; and for "inventory" reasons, i.e. to protect the defendant's property from loss or theft. In the event that the search uncovers nothing, even though the officer has effectuated an arrest, he may cite and release the person and let him drive off in his vehicle. There would likely be no meaningful records of this misuse of the power of arrest and the heaviest impact of such conduct would likely fall on those unable or unwilling to challenge it.

---

**9.** § 28–1054(E)
An officer violating any of the provisions of this Section is guilty of misconduct in office and is subject to removal from office.

Thus, the legislative protection from arrest is well founded in reason, and prevents unjustified harassment and invasive intrusions on liberty and property interests.

## CONCLUSION

Because the Court finds the public policy of Arizona strongly favors the citation and release of traffic offense misdemeanants, which has been reaffirmed in Rules of Court, judicial decision, and other statutory enactments, the Court holds that the arrest here was unlawful and in violation of sections 28–1053 and 28–1054.

Accordingly, IT IS ORDERED that the government's Motion for Reconsideration is DENIED. IT IS FURTHER ORDERED that all evidence obtained as a result of the search following that arrest is SUPPRESSED.

The Court recognizes that a search such as this is of doubtful constitutional validity, but it is not required to reach or decide that question. An excellent discussion of this interesting question is contained in Barbara C. Salken, *The General Warrant of the Twentieth Century? A Fourth Amendment Solution to Unchecked Discretion to Arrest for Traffic Offenses*, 62 Temp.L.Rev. 221 (1989).

IT IS FURTHER ORDERED that the Defendant be released from custody immediately.