**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Anthony M. RAMOS, Defendant–Appellee.**

No. 93–10248.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 1994.

Decided June 29, 1994.

As Amended on Denial of Rehearing;
Suggestion for Rehearing En Banc
Rejected Oct. 27, 1994.

Ted B. Borek, Asst. U.S. Atty., Tucson, AZ, for plaintiff-appellant.

Joseph P. St. Louis, Tucson, AZ, for defendant-appellee.

Before: POOLE, CANBY and RYMER, Circuit Judges.

POOLE, Circuit Judge:

The United States appeals the district court's grant of defendant Anthony M. Ramos' motion to suppress evidence obtained in an inventory search of his automobile conducted after he was arrested for allegedly committing reckless driving. An Arizona peace officer had observed him make an abrupt lane change on an interstate highway while traveling at an estimated speed of between 100 and 125 miles per hour. During an inventory search of Ramos' vehicle, the

officer discovered a 120–volt stun gun, a loaded .380 Beretta semi-automatic pistol, a small bag of marijuana, and a bank bag containing cocaine.

Ramos was charged in federal court with possession with intent to distribute cocaine, unlawful use and carrying of a firearm during a federal offense, making a false statement in the acquisition of a firearm and receipt of a firearm while under indictment. Ramos moved to suppress all evidence obtained in the search of his vehicle. In granting Ramos' motion, the district court held that Arizona law prohibited the custodial arrest of persons stopped for reckless driving and, therefore, the inventory search of Ramos' vehicle was unlawful. We have jurisdiction over the district court's final judgment pursuant to 18 U.S.C. § 3731, and we reverse.

## I.

■ The issue before us is whether under Arizona law a peace officer has the authority to arrest and take into custody individuals suspected of committing the misdemeanor offense of reckless driving in the officer's presence. The district court found that under Arizona Revised Statutes ("A.R.S.") §§ 28–1053 and 28–1054, which related solely to motor vehicle offenses, Ramos' arrest was unlawful. *United States v. Ramos*, 815 F.Supp. 1304, 1309 (D.Ariz.1993). We review the interpretation of a statute and matters of statutory construction de novo. *United States v. Arrellano*, 812 F.2d 1209, 1211 (9th Cir.1987).

The Government contends that the district court's interpretation of Arizona law was incorrect because the Arizona Supreme Court has held that §§ 28–1053 and 28–1054 were repealed by implication when the Arizona Legislature passed A.R.S. §§ 13–1422 and 13–1423. *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 485 P.2d 549 (1971).

At issue in *Purcell* was whether the charges brought against a defendant who had been cited and released for driving under the influence had to be dismissed because the citing officer failed to take the defendant before a magistrate as required by § 28–

1053. *Id.* at 225, 485 P.2d 549. Subsequent to the enactment of § 28–1053 the Arizona Legislature enacted § 13–1422 (now A.R.S. § 13–3903). *Id.* The Arizona Supreme Court noted the differences between the statutes:

It is apparent from a cursory examination of the statutes, § 13–1422 and §§ 28–1053 and 28–1054, that they relate to the same subject; that is, the release of an arrested person from custody in lieu of taking him before a magistrate or to the police station.... The principal and vital distinction between § 13–1422 and §§ 28–1053 and 28–1054 is, therefore, that the Legislature, by § 13–1422, has lodged discretion in the arresting officer *in every case* of a misdemeanor to either take the person arrested to jail or before a magistrate or release him upon his written promise to appear. The language is explicit in the use of the words "in any case" and "at any time". Hence, by § 13–1422 the arresting officer is not compelled to, but may, *for example*, take a person charged with driving while under the influence of intoxicating liquor before a magistrate. We hold that while § 28–1053 relates to motor vehicle misdemeanors, § 13–1422 applies to all misdemeanors, including motor vehicles.

*Id.* at 226–27, 485 P.2d 549. The *Purcell* court next determined that an obvious conflict existed between the statutes. *Id.* at 227, 485 P.2d 549. The court went on to hold "that §§ 28–1053 and 28–1054 were repealed by the enactment of §§ 13–1422 and 13–1423." *Id.*

■ It is well established that a state court's interpretation of its statutes is binding on the federal courts unless a state law is inconsistent with the Federal Constitution. *Adderley v. Florida*, 385 U.S. 39, 46, 87 S.Ct. 242, 246, 17 L.Ed.2d 149 (1966); *Bergstralh v. Lowe*, 504 F.2d 1276, 1277 (9th Cir.1974), *cert. denied*, 420 U.S. 930, 95 S.Ct. 1131, 43 L.Ed.2d 402 (1975). However, in the present case the district court determined that the second holding in *Purcell*, that §§ 28–1053 and 28–1054 were repealed by implication, was dictum "insofar as it purports to relate to non DUI offenses" because the issue in

*Purcell* dealt only with whether the failure to take an individual into custody violated § 28–1053. *United States v. Ramos,* 815 F.Supp. at 1307. Thus, the district court found that § 28–1054, which describes release procedures, "was not at issue." *Id.*

We believe that the ruling of the Arizona Supreme Court in *Purcell* makes it very clear that the statutes upon which the district court relied are no longer in effect. At issue in *Purcell* was whether the officer had discretion to release the defendant in lieu of taking him into custody. The only way to decide this issue was to determine which statutes govern the release of an individual stopped for a misdemeanor traffic offense. Thus, the *Purcell* court could not have determined whether the release of the defendant was permissible without considering, in addition to § 28–1053, the release procedures in both §§ 28–1054 and 13–1422. Finding the statutes at odds, the court determined that the procedures in § 13–1422 were to be applied to traffic offenses. That determination was necessary for the court to reach its decision and, therefore, it was not dictum.

Contrary to the district court's conclusion, A.R.S. § 13–3883 (formerly § 13–1403) governs the resolution of the issue in this case. Section 13–3883 states:

A. A peace officer may, without a warrant, arrest a person if he has probable cause to believe:

1. A felony has been committed and probable cause to believe the person to believe to be arrested has committed the felony.

2. A misdemeanor has been committed in his presence and probable cause to believe the person to be arrested has committed the offense.

3. The person to be arrested has been involved in a traffic accident and violated any criminal section of Title 28, and that such violation occurred prior to or immediately following such a traffic accident.

4. A misdemeanor or a petty offense has been committed and probable cause to believe the person to be arrested has committed the offense. A person arrested under this paragraph is eligible for release under § 13–3903.

B. A peace officer may stop and detain a person as is reasonably necessary to investigate an actual or suspected violation of any traffic law committed in the officer's presence and may serve a copy of the traffic complaint for any alleged civil or criminal traffic violation. A peace officer who serves a copy of the traffic complaint shall do so within a reasonable time of the alleged criminal or civil traffic violation.

Thus, under § 13–3883(A)(2), reckless driving (which is defined as a misdemeanor in A.R.S. § 28–693) is an offense for which an officer can make an arrest, provided that the offense was committed in the officer's presence. Here, there is no dispute as to either the fact that Ramos was arrested for reckless driving or that this offense was witnessed by the arresting officer. Therefore, we hold that the custodial arrest of Ramos was lawful under § 13–3883(A)(2).

Nevertheless, Ramos contends that the Arizona Legislature's enactment of § 13–3883(B), in 1990, precludes the custodial arrest of an individual suspected of committing a criminal traffic offense in the presence of a peace officer. In support of his argument, Ramos notes dictum found in a footnote in a recent Arizona Court of Appeals case named *Baker v. Clover,* 177 Ariz. 37, 864 P.2d 1069 (App.1993), which interprets § 13–3883(B) as precluding such arrests.[1] Ramos asserts that *Baker's* interpretation of the subsection is binding and forbids any contrary conclusion as to what interpretation Arizona's highest court would give the subsection. We disagree. As the meaning of subsection B had no bearing on the reasoning or outcome of the *Baker* case, the statements made in

---

1. The *Baker* court states, "In 1990, subsection B was added to A.R.S. § 13–3883 and precludes an arrest for 'any [actual or suspected violation of a] traffic law committed in the officer's presence....' Subsection B only permits the officer to 'stop and detain a person as is reasonably necessary to investigate an actual or suspected' traffic violation and then serve the person with a copy of the traffic complaint within a reasonable time." *Baker v. Clover,* 177 Ariz. 37, 864 P.2d 1069, 1071 n. 3 (App.1993).

the footnote were dictum. Furthermore, the Arizona Court of Appeals neither explained or supported its interpretation of subsection B, leading us to conclude that the footnote was not intended to definitively resolve the statute's meaning and cannot be called "considered dictum." *Manalis Finance Co. v. U.S.*, 611 F.2d 1270, 1273 (9th Cir.1980). If the *Baker* court had intended to definitively resolve the statute's meaning in writing the footnote, this court would be more obligated to follow the state intermediate court's interpretation of the statute unless we found ourselves "convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). Since we are convinced the Arizona Supreme Court would interpret subsection B differently than the *Baker* court did, we reach our conclusion as to the subsection's meaning despite the interpretation given it by the *Baker* court.

■ In 1983, the Arizona Legislature decriminalized many of its traffic offenses. *See State v. Poli*, 161 Ariz. 151, 152, 776 P.2d 1077 (App.1989); *see also* 1983 Ariz.Sess. Laws, Ch. 271, §§ 1–53, at 984–1017. Now these offenses, including most moving and speeding offenses, are civil violations. *See* A.R.S. § 28–1071(A). The subsequent enactment of § 13–3883(B) gives peace officers the authority to stop and detain persons as is reasonably necessary to investigate suspected civil violations of traffic laws committed in the officer's presence. The amendment also provides the officer with the discretion to issue a traffic complaint for a criminal traffic violation. This discretion provided by § 13–3883(B) is entirely consistent with §§ 13–3883(A)(2) and 13–3903, the latter of which provides the arresting officer with the discretion to either release at the scene, release at the police station after taking the person into custody, or not release at all, but instead take the individual to a magistrate. Indeed, no good reason exists to read § 13–3883(B) as destroying other powers that the language of § 13–3883(A) expressly grants. We hold that § 13–3883(B) does not preclude the custodial arrest of an individual who allegedly commits a criminal traffic offense, such as reckless driving, in the presence of a peace officer.

### II.

On the basis of the foregoing, the district court's order granting Ramos' motion to suppress is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**