898 P.2d 1010

The STATE of Arizona, Appellant,

v.

Susanna Lucille VALENZUELA, Appellee.

No. 2 CA–CR 94–0333.

Court of Appeals of Arizona, Division 2, Department B.

June 30, 1995.

Stephen D. Neely, Pima County Atty. by Christina M. Cabanillas, Tucson, for appellant.

Machado & Gonzales, P.C. by Jose Luis Machado, Tucson, for appellee.

## OPINION

ESPINOSA, Presiding Judge.

■ The state has appealed from the trial court's order granting appellee Susanna Lucille Valenzuela's motion to suppress evidence seized following what it concluded was an illegal arrest. Although we generally review decisions granting or denying a motion to suppress for abuse of discretion, *State v. Carter*, 145 Ariz. 101, 700 P.2d 488 (1985), because this case involves only a question of law, our review is *de novo*. *State v. Garcia*, 162 Ariz. 471, 784 P.2d 297 (App.1989).

The motion was submitted to the court on the following stipulated facts. Tucson Police Officers Timpf and Wheeler observed Valenzuela making an improper left turn in her vehicle and stopped her shortly thereafter. After asking her to get out of her vehicle, the officers noticed symptoms of intoxication, such as swaying and bloodshot, watery eyes. When asked for her driver's license, Valenzuela told the officers that it was suspended. She also admitted consuming eight to nine beers that evening. Because it was raining, the officers decided to place Valenzuela under arrest for driving with a suspended license, a class one misdemeanor, A.R.S. § 28–473(A), and to take her to the station for further testing. She was ultimately charged with driving under the influence while her license was suspended and driving with a blood alcohol content of 0.10 or more while

her license was suspended, both class four felonies.

█ Valenzuela filed a motion to suppress, arguing that her arrest was illegal and therefore any evidence obtained thereafter was unlawfully gained. The essence of her argument was that, under A.R.S. § 13–3883, the officers were not authorized to arrest her for driving on a suspended license but could only "stop and detain" her to investigate and cite her for the traffic violation. A.R.S. § 13–3883(B).[1] Valenzuela's argument was supported by the decision of the United States District Court in *United States v. Ramos,* 815 F.Supp. 1304 (D.Ariz.1993), which held that a law enforcement officer's authority in traffic violation cases was governed not by § 13–3883 but rather by A.R.S. §§ 28–1053 and 28–1054. Enacted in 1950, those statutes in essence require that officers cite and release persons accused of traffic violations except in certain enumerated circumstances not including arrests for driving on a suspended license. The trial court agreed that, "pursuant to Arizona law and *U.S. v. Ramos,*" the arrest was unauthorized and granted the motion to suppress.

As the state points out, the district court's decision in *Ramos* was reversed by the Ninth Circuit, *United States v. Ramos,* 39 F.3d 219 (9th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1433, 131 L.Ed.2d 313 (1995), which relied on the Arizona supreme court's decision in *State ex rel. Purcell v. Superior Court,* 107 Ariz. 224, 485 P.2d 549 (1971). The issue in *Purcell* was whether dismissal of drunk driving charges was required because the defendant had been cited and released rather than immediately being taken before a magistrate as required by § 28–1053. The

supreme court held that the officer's authority to release the defendant was governed by A.R.S. § 13–1422 (now codified as § 13–3903), which pertained to all misdemeanors and gave law enforcement officers discretion whether to arrest or to cite and release. Noting the conflict among the statutes, the supreme court further expressly held that §§ 28–1053 and 28–1054 were repealed by the enactment of former §§ 13–1422 and 13–1423 (now § 13–3904). In *Ramos,* the Ninth Circuit rejected the district court's conclusion that the holding in *Purcell* was merely *dicta* and not necessary to the court's decision, stating:

> [T]he *Purcell* court could not have determined whether the release of the defendant was permissible without considering, in addition to § 28–1053, the release procedures in both §§ 28–1054 and 13–1422. Finding the statutes at odds, the court determined that the procedures in § 13–1422 were to be applied to traffic offenses. That determination was necessary for the court to reach its decision and, therefore, it was not dictum.

*Ramos,* 39 F.3d at 221.

We not only agree with this reasoning, but also the court's analysis in *Ramos* of the interrelationship between subsections A and B of § 13–3883, notwithstanding our own *dicta* in *Baker v. Clover,* 177 Ariz. 37, 864 P.2d 1069 (App.1993), also relied upon by Valenzuela. In a footnote, we said that § 13–3883(B) "precludes an arrest for 'any traffic law committed in the officer's presence....' " 177 Ariz. at 39 n. 3, 864 P.2d at 1071 n. 3. As the Ninth Circuit concluded, however, § 13–3883(B) need not be read as "destroying

---

1. A.R.S. § 13–3883 provides:

A. A peace officer may, without a warrant, arrest a person if he has probable cause to believe:

1. A felony has been committed and probable cause to believe the person to be arrested has committed the felony.

2. A misdemeanor has been committed in his presence and probable cause to believe the person to be arrested has committed the offense.

3. The person to be arrested has been involved in a traffic accident and violated any criminal section of title 28, and that such violation occurred prior to or immediately following such traffic accident.

4. A misdemeanor or a petty offense has been committed and probable cause to believe the person to be arrested has committed the offense. A person arrested under this paragraph is eligible for release under § 13–3903.

B. A peace officer may stop and detain a person as is reasonably necessary to investigate an actual or suspected violation of any traffic law committed in the officer's presence and may serve a copy of the traffic complaint for any alleged civil or criminal traffic violation. A peace officer who serves a copy of the traffic complaint shall do so within a reasonable time of the alleged criminal or civil traffic violation. (Footnote omitted.)

other powers that the language of § 13–3883(A) expressly grants," *Ramos,* 39 F.3d at 222, and we did not intend to imply otherwise in *Baker.* Under § 13–3883(B), a peace officer may stop and detain a person for any traffic offense, civil or criminal, and if the offense is one of those set forth in § 13–3883(A)(2), (3), or (4), the officer has the discretion to arrest the person. Such was the nature of the offense in *Ramos,* reckless driving, but not in *Baker,* where the offense was a civil traffic violation under § 28–1071(A), speeding, which does not subject the driver to arrest under § 13–3883(A). Here, however, the offense was a misdemeanor traffic offense, driving on a suspended license, and thus Valenzuela could be arrested, in the officer's discretion, under § 13–3883(A)(4), subject to the release provisions of § 13–3903. *See also State ex rel. Baumert v. Superior Court,* 132 Ariz. 399, 400, 646 P.2d 284, 285 (1982) (DUI and other traffic offenses: "A release under A.R.S. § 13–3903, which applies to all misdemeanors including traffic offenses ... is quite different. Whether the defendant is released is solely within the discretion of the arresting officer."); *State v. Lynch,* 120 Ariz. 584, 587, 587 P.2d 770, 773 (App.1978) (reckless driving: "By enacting A.R.S. § 13–1422, ... the legislature has lodged discretion in the arresting officer to either take a person arrested for a traffic offense to jail or before a magistrate, or to release him upon his written promise to appear.").

In this case, there is no question that the officers had probable cause to believe that Valenzuela was driving on a suspended license. Under A.R.S. § 13–3883(A)(2), they therefore had authority to arrest her. Because Valenzuela's arrest was lawful, the trial court erred in granting her motion to suppress.

The order of the trial court is vacated.

DRUKE, C.J., and HATHAWAY, J., concur.