SUPREME COURT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-97-0349-AP |
| Appellee, | ) |
| | ) Maricopa County Superior |
| v. | ) Court |
| | ) Nos. CR-94-11396 and |
| | )       CR-94-11397 |
| AARON SCOTT HOSKINS, | ) (CONSOLIDATED) |
| | ) |
| | ) **SUPPLEMENTAL** |
| Appellant. | ) **O P I N I O N** |
| | ) |
| _____ | ) |

Appeal from the Superior Court of Maricopa County
Nos. CR-94-11396 and CR-94-11397 (CONSOLIDATED)
The Honorable Jeffrey A. Hotham, Judge

**REMANDED FOR RESENTENCING**
_____

Janet A. Napolitano, Arizona Attorney General          Phoenix
    by      Kent E. Cattani, Chief Counsel,
            Capital Litigation Section
    and     Robert L. Ellman, Assistant Attorney General
    and     James P. Beene, Assistant Attorney General
    and     John P. Todd, Assistant Attorney General
    and     Bruce M. Ferg, Assistant Attorney General      Tucson
Attorneys for State of Arizona

Denise Young                                          Tucson
    and
Arizona Capital Representation Project                 Tucson
    by Jennifer Bedier
Attorneys for Aaron Scott Hoskins
_____

McGregor, Vice Chief Justice

¶1      The only issue before us is whether reversible error

occurred when a trial judge sentenced Aaron Scott Hoskins to death

under a procedure that violated *Ring v. Arizona*, 536 U.S. 584, 122

S. Ct. 2428 (2002) (*Ring II*).  We have jurisdiction pursuant to Article VI, Section 5.3 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 13-4031 (2001).  Based on our review of the record, we cannot conclude that the *Ring II* violation constituted harmless error.

## I.

¶2        In *Ring II*, the United States Supreme Court held that Arizona's former capital sentencing scheme violates the right to a jury trial guaranteed by the Sixth Amendment to the United States Constitution.  *Ring II*, 536 U.S. at __, 122 S. Ct. at 2443.  The Court declared that "[c]apital defendants, no less than non-capital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."  *Id*. at __, 122 S. Ct. at 2432.  The Court reversed our decision in *State v. Ring*, 200 Ariz. 267, 25 P.3d 1139 (2001) (*Ring I*), and remanded for further proceedings consistent with its decision.   *Ring II*, 536 U.S. at __, 122 S. Ct. at 2443.

¶3        Following the Supreme Court's *Ring II* decision, we consolidated all death penalty cases in which this court had not yet issued a direct appeal mandate to determine whether *Ring II* requires this court to reverse or vacate the defendants' death sentences.  In *State v. Ring*, __ Ariz. __, __ ¶ 53, __ P.3d __, __ (2003) (*Ring III),* we held that we will examine a death sentence imposed under Arizona's superseded capital sentencing statutes for

2

harmless error.

## II.

¶**4**        A jury found, beyond a reasonable doubt, that Aaron Scott Hoskins committed premeditated first degree murder, kidnapping, armed robbery, and theft.  Following the jury's guilty verdict, the trial judge conducted a sentencing hearing to determine whether any aggravating or mitigating circumstances existed.  A.R.S. § 13-703, *amended by* 2002 Ariz. Sess. Laws, 5th Spec. Sess., ch. 1, § 1.  The judge found beyond a reasonable doubt that Hoskins murdered Crystel Cabral in expectation of the receipt of pecuniary gain.  A.R.S. § 13-703.F.5. Moreover, the judge determined that the mitigating circumstances were not "sufficiently substantial to call for leniency." *Id*. § 13-703.E.   Accordingly, the judge sentenced Hoskins to death.  We affirmed Hoskins' sentence on his direct appeal.  *State v. Hoskins*, 199 Ariz. 127, 14 P.3d 997 (2000).

¶**5**        The pecuniary gain aggravating circumstance exists only "if the expectation of pecuniary gain is a motive, cause, or impetus for the murder and not merely a result of the murder." *State v. Hyde*, 186 Ariz. 252, 280, 921 P.2d 655, 683 (1996). Proving that a defendant both robbed and murdered his victim does not satisfy the state's burden.  *See State v. Medina*, 193 Ariz. 504, 513 ¶ 32, 975 P.2d 94, 103 (1999) ("The existence of an economic motive at some point during the events surrounding a murder is not enough to establish (F)(5).").  The state also must

3

establish a *motivating* connection between the robbery and the homicide. *Id.*

¶6     The State did not present any direct evidence during the sentencing hearing to prove that the expectation of pecuniary gain motivated Hoskins to take Crystel's life.   The State relied primarily on two witnesses who testified at trial that Hoskins had told them he planned to car-jack someone someday.   Based on these witnesses' trial testimony and on circumstantial evidence, the judge found beyond a reasonable doubt that Hoskins murdered Crystel Cabral with the expectation of pecuniary gain.   We cannot say, beyond a reasonable doubt, that a jury hearing the same evidence as did the judge would have interpreted the circumstantial evidence or assessed the witnesses' credibility as did the judge.

¶7     The judge considered Hoskins' age as the only statutory mitigating circumstance.   The judge rejected other statutory mitigating circumstances including mental impairment, duress, minor participation, and forseeability of death. A.R.S. § 13-703.G.   The defense presented an expert who diagnosed Hoskins as having Bipolar II Disorder and testified that the disorder could have contributed to Hoskins' conduct.   We also cannot say, beyond a reasonable doubt, that a jury hearing the same evidence as did the judge would have assessed the defense expert's testimony similarly and would have failed to find mental impairment, a statutory mitigating circumstance.   A different finding of mitigating circumstances

4

could affect a fact-finder's determination whether the mitigating circumstances are "sufficiently substantial to call for leniency." A.R.S. § 13-703.E.

## III.

¶8      For the foregoing reasons, we cannot conclude that the *Ring II* error was harmless in this case.  Accordingly, we vacate Hoskins' death sentence and remand for resentencing under A.R.S. sections 13-703 and 13-703.01 (Supp. 2002).

_____
Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Rebecca White Berch, Justice

_____
Michael D. Ryan, Justice

Jones, Chief Justice, specially concurring

¶9      I concur in the result. On the question whether harmless error analysis is appropriate in the case before us, see *State v. Ring*, __ Ariz. at __ ¶¶ 105-15, __ P.3d at __ (2003) (Feldman, J., concurring in part and dissenting in part).

_____
Charles E. Jones, Chief Justice

5