75 P.3d 119

**STATE of Arizona, Appellant,**

v.

**Troy Edward KEENER, Appellee.**

**No. 1 CA–CR 02–0865.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 21, 2003.

Richard M. Romley, Maricopa County Attorney by Karen Kemper, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

GOULD, Judge Pro Tempore *.

¶ 1 The State appeals from the trial court's grant of a motion to suppress drugs found during an inventory search pursuant to the arrest of Troy Edward Keener ("Defendant"). For reasons that follow, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2 The parties stipulate to the following facts: While Officer Munzinger had a sus-

pected drug house under surveillance, he saw a car pull up. He also observed Defendant get out and enter the house. When Defendant returned, Munzinger saw him sit on the passenger's side, and the person who had been his passenger drove away from the scene. Munzinger relayed his observations to two other officers, who spotted the car speeding and pulled it over.

¶ 3 The driver identified herself as the car's owner. Defendant also provided identification, and a computer check revealed that his driver's license had been suspended. The officers arrested him for driving on a suspended license,[1] and when they searched the car, found a rock of cocaine on a tool bag. Defendant admitted that the tool bag was his, and the officers then arrested him for possession of narcotic drugs, a class 4 felony.

¶ 4 Defendant moved to suppress the cocaine on the ground that Arizona Revised Statutes ("A.R.S.") subsection 13–3883(B) (2001), which allows an officer to stop and detain a person to investigate a traffic violation, did not apply because the violation had not occurred in the arresting officers' presence. Thus, according to Defendant, no probable cause supported the arrest and the cocaine must be suppressed.

¶ 5 The State responded that probable cause to arrest may be based on the collective knowledge of the officers. It cited *State v. Sanchez*, 192 Ariz. 454, 457 n. 2, ¶ 10, 967 P.2d 129, 132 n. 2 (App.1998); *State v. Williams*, 182 Ariz. 548, 557, 898 P.2d 497, 506 (App.1995); and *United States v. Sutton*, 794 F.2d 1415, 1426 (9th Cir.1986), for support.

¶ 6 At a hearing on the motion, the parties stipulated to the facts of the arrest and search. The trial court found that Munzinger's observation of Defendant as the driver of a car that stopped at a suspected drug house "did not alone provide probable cause" to

---

* NOTE: The Honorable ANDREW W. GOULD, a judge of the Yuma County Superior Court, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

1. This is a misdemeanor offense in violation of Ariz.Rev.Stat. § 28–3473(A) (Supp.2002).

arrest him for the offense of driving on a suspended license. The court also found that subsections 13–3883(A)(2) and –3883(B) require that a misdemeanor be committed in the arresting officer's presence and that these provisions "contradict" subsection 13–3883(A)(4), which allows a warrantless arrest on probable cause for a misdemeanor even if the offense is not committed in the officer's presence. The court concluded, however, that because subsection 13–3883(B) specifically addresses traffic offenses, it overrides the more general statute on misdemeanors so that a *traffic* misdemeanor must be committed in the arresting officer's presence.

¶ 7 The trial court further noted that cases permitting the collective knowledge of police officers to constitute probable cause all involved felony offenses and did not apply when the offense for which the police arrested Defendant was a misdemeanor. Thus, the court found Defendant's arrest illegal and granted his motion to suppress. The State timely appealed.

## DISCUSSION

■■■■ ¶ 8 Interpretation of statutes is a question of law that we review de novo. *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997). Generally, we apply the plain and unambiguous language as it is written unless to do so would produce an absurd or impossible result. *State v. Petrak*, 198 Ariz. 260, 264, ¶ 10, 8 P.3d 1174, 1178 (App. 2000). When the trial court's ruling on a motion to suppress presents a purely legal question, our review is de novo. *State v. Valenzuela*, 182 Ariz. 632, 632, 898 P.2d 1010, 1010 (App.1995).

¶ 9 Subsection 13–3883(A) (2001) governs arrests by a police officer without a warrant. The statute permits an officer to make a warrantless arrest if he has probable cause to believe:

1. A felony has been committed and probable cause to believe the person to be arrested has committed the felony.

2. A misdemeanor has been committed in his presence and probable cause to believe the person to be arrested has committed the offense.

. . . .

4. A misdemeanor or a petty offense has been committed and probable cause to believe the person to be arrested has committed the offense. A person arrested under this paragraph is eligible for release under § 13–3903.[2]

Subsection B of the statute authorizes a police officer to "stop and detain a person ... to investigate an actual or suspected violation of any traffic law committed in the officer's presence and [to] serve a copy of the traffic complaint for any alleged civil or criminal traffic violation."

■■■ ¶ 10 Although the trial court found that subsections 13–3883(A)(2) and –3883(B) contradict or conflict with subsection 13–3883(A)(4), in construing statutes, we attempt to harmonize and to read consistently statutes on the same subject matter. *Tripati v. State*, 199 Ariz. 222, 224, ¶ 3, 16 P.3d 783, 785 (App.2000). As we read subsection 13–3883(A)(4), it plainly grants authority to arrest a person for a misdemeanor offense if the officer has probable cause to believe both that the offense has been committed and that the person to be arrested has committed the offense. The subsection does not demand that the arresting officer witness the misdemeanor offense.

¶ 11 This court applied subsection 13–3883(A)(4) in the context of a warrantless arrest in *State ex rel. McDougall v. Superior Court*, 191 Ariz. 182, 953 P.2d 926 (App.1997). There, the defendant was arrested for a misdemeanor offense of driving under the influence although the officers never saw him drive. *Id.* at 186, 953 P.2d at 930. The

---

2. The language "is eligible for release under § 13–3903" is permissive and does not require release. This language merely reaffirms prior case law providing officers with discretion to arrest or release a suspect the arresting officer believes has committed a misdemeanor offense. *See State ex rel. Baumert v. Superior Court*, 132 Ariz. 399, 400 646 P.2d 284, 285 (1982) (whether a suspect is released in solely within discretion of arresting officer); *State v. Pickett*, 126 Ariz. 173, 174, 613 P.2d 837, 838 (App.1980) (citation procedure is optional).

arrest occurred after a citizen, who had seen defendant driving very erratically, offered to get into his car and drive for him. She then promptly drove to the police station where she reported his drinking and driving to two officers standing nearby. *Id.* at 184, 953 P.2d at 928. The officers saw the defendant staggering, smelled alcohol on him, and arrested him. *Id.*

¶ 12 We reversed the trial court's ruling that the arrest was unlawful, noting that although "[f]ormerly, an officer could not effectuate an arrest for a misdemeanor without personally observing its occurrence[,] [3] [t]hat rule has now been changed by a statute allowing arrests for misdemeanors based on probable cause. A.R.S. § 13–3883(A)(4) (1989)." *Id.* at 186, 953 P.2d at 930. We additionally held that the officers had probable cause to arrest "based on their personal observations" of the defendant's apparent intoxication and the citizen's reports of his poor driving. *Id.*

¶ 13 Here, as in *McDougall,* subsection 13–3883(A)(4) authorized the officers to arrest Defendant for driving on a suspended license, even though they did not witness the driving, if they had probable cause to believe that the offense had occurred and that Defendant had committed it. To the extent there is any conflict between subsection 13–3883(A)(2) and –3883(A)(4), the latter, as the more recent statute, must prevail. *Id.; Pima County v. Heinfeld,* 134 Ariz. 133, 136, 654 P.2d 281, 284 (1982) (general rule is that more recent statute controls older statute). We next examine the trial court's conclusion that the collective knowledge of police officers participating in an investigation cannot be considered in evaluating probable cause when a *misdemeanor* has been committed.

¶ 14 The trial court noted that all of the cases cited for the maxim that a court can consider the collective knowledge of all of the officers participating in an investigation in determining whether probable cause sup-

ports an arrest involved felonies; none of the cases concerned a misdemeanor traffic offense. Nevertheless, our courts have long recognized that collective knowledge of law enforcement officers may be considered to establish probable cause. *See State v. Lawson,* 144 Ariz. 547, 553, 698 P.2d 1266, 1272 (1985); *State v. Sardo,* 112 Ariz. 509, 514, 543 P.2d 1138, 1143 (1975); *State v. Smith,* 110 Ariz. 221, 224, 517 P.2d 83, 86 (1973); *State v. Peterson,* 171 Ariz. 333, 335, 830 P.2d 854, 856 (App.1991).

■ ¶ 15 Nothing in the case law suggests that probable cause has a different meaning when the offense prompting the arrest is a misdemeanor. To make a warrantless arrest, a police officer must have probable cause to believe both that a crime has been committed and that the person to be arrested committed the crime. Probable cause derives from "reasonably trustworthy information and circumstances [that] would lead a person of reasonable caution to believe that a suspect has committed an offense." *State v. Hoskins,* 199 Ariz. 127, 137–38, ¶ 30, 14 P.3d 997, 1007–08 (2000), *supp'l opin.,* 204 Ariz. 572, 65 P.3d 953 (2003). "Information is 'reasonably trustworthy' when it is received through official sources," such as other police departments. *State v. Williams,* 104 Ariz. 319, 321, 452 P.2d 112, 114 (1969). Further, whether probable cause exists depends on all of the facts and circumstances known at the time of the arrest, and *Lawson* expressly held that those facts may include the collective knowledge of all of the officers involved in the case. 144 Ariz. at 553, 698 P.2d at 1272.

■ ¶ 16 In *Williams,* for example, an officer in one state stopped and arrested the defendant after hearing a bulletin that described him, his clothing, and his vehicle. 182 Ariz. at 557, 898 P.2d at 506. In *Lawson,* one deputy found the victim's body and spoke to a neighbor who said that the victim had owned a hunting knife, a second deputy

---

**3.** *See, e.g., State v. Nixon,* 102 Ariz. 20, 22, 423 P.2d 718, 720 (1967); *State v. Gunter,* 100 Ariz. 356, 359–60, 414 P.2d 734, 736–37 (1966); *State v. DeWoody,* 122 Ariz. 481, 484, 595 P.2d 1026, 1029 (App.1979).

saw a hunting knife in a car stopped earlier that day, and a third officer later stopped and arrested the defendant. 144 Ariz. at 552–53, 698 P.2d at 1271–72. In *Sardo,* a reliable informant and a DEA agent disclosed information to a fellow agent, who passed the information to a sheriff's deputy, and a second deputy arrested the defendant. 112 Ariz. at 511–12, 543 P.2d at 1140–41. In each case, the facts known to all of the officers were considered in the probable cause calculus. Probable cause is a flexible, nontechnical, and practical concept. *Gerstein v. Pugh,* 420 U.S. 103, 112, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). If the collective knowledge of law enforcement officers may be considered when they arrest an individual for a felony offense, we see no reason not to consider that collective knowledge when the warrantless arrest is for a misdemeanor offense.

¶ 17 Accordingly, we reverse the trial court's ruling granting the motion to suppress and remand for further proceedings consistent with this opinion.

CONCURRING: JAMES B. SULT, Presiding Judge, and JOHN C. GEMMILL, Judge.