NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LISA LYNN ANDREWS, *Petitioner*.

No. 1 CA-CR 14-0566 PRPC
FILED 11-17-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-127769-001
The Honorable Joseph C. Welty, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Lisa Lynn Andrews, Goodyear
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

_____

**N O R R I S**, Judge:

**¶1** Lisa Lynn Andrews petitions this court for review from the summary dismissal of her petition for post-conviction relief. We grant review but deny relief.

**¶2** A jury convicted Andrews of possession of dangerous drugs for sale, possession or use of marijuana, and possession of drug paraphernalia. This court affirmed her convictions on direct appeal.

**¶3** In her petition for review, Andrews argues the arresting officer lacked probable cause to arrest her and, therefore, the officer's search incident to the arrest was unlawful. Because these claims could have been raised on direct appeal, we do not address them here. Ariz. R. Crim. P. 32.2(a) (defendant precluded from post-conviction relief based upon a ground that could have been raised on direct appeal); *see State v. Shrum*, 220 Ariz. 115, 118, ¶ 12, 203 P.3d 1175, 1178 (2009) ("Rule 32.2(a) precludes collateral relief on a ground that either was or could have been raised on direct appeal . . . .") (citation omitted).

**¶4** Andrews also argues her trial counsel was ineffective for failing to challenge the arrest and subsequent search in the superior court. Reviewing the superior court's dismissal of Andrews' petition for post-conviction relief for an abuse of discretion, we reject this argument. *See State v. Martinez*, 226 Ariz. 464, 466, ¶ 6, 250 P.3d 241, 243 (App. 2011) (appellate court reviews denial of post-conviction relief for an abuse of discretion). To prevail on a claim of ineffective assistance of counsel, a defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 686 (1984). A defendant must satisfy both elements to prevail on a claim of ineffective assistance of counsel. *State v. Febles*, 210 Ariz. 589, 596, ¶ 18, 115 P.3d 629, 636 (App. 2005).

**¶5** Applying that framework here, Andrews has not shown that she was prejudiced by trial counsel's failure to challenge the search. "To

make a warrantless arrest, a police officer must have probable cause to believe both that a crime has been committed and that the person to be arrested committed the crime." *State v. Keener*, 206 Ariz. 29, 32, ¶ 15, 75 P.3d 119, 122 (App. 2003). As the superior court noted in its dismissal of Andrews' post-conviction petition, the arresting officer knew that Andrews was involved in an altercation where another woman sustained injuries. "[W]hether probable cause exists depends on all of the facts and circumstances known at the time of the arrest." *Id*. at 32, ¶ 15, 75 P.3d at 122. Thus, the arresting officer had probable cause to arrest Andrews for assault and, in turn, conduct a search incident to the arrest. Because the arresting officer had probable cause, Andrews' trial counsel was not ineffective for failing to challenge the search.[1]

**¶6**         For the foregoing reasons, the superior court properly dismissed Andrews' petition for post-conviction relief. Thus, although we grant review, we deny relief.



---

[1]Subsumed within her ineffective assistance of counsel argument, Andrews also argues the arresting officer lacked probable cause because she was the alleged victim — and was acting in self-defense — in the altercation that led to her arrest. The arresting officer's police report, however, indicated that he arrested Andrews based on the injuries to the other woman involved in the altercation and statements made by other witnesses. Although Andrews disputes the information contained within the report, probable cause is determined, as noted above, "on all of the facts and circumstances known at the time of the arrest." *Keener*, 206 Ariz. at 32, ¶ 15, 75 P.3d at 122. Thus, Andrews' factual dispute with the police report does not negate probable cause and the officer's subsequent arrest and search.