NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SEAN DONTE JONES, *Appellant.*

No. 1 CA-CR 18-0504
FILED 3-12-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-001874-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Judge:

¶1        Sean Donte Jones ("Appellant") appeals his convictions and sentences for one count of possession of a dangerous drug and one count of possession of drug paraphernalia.  Appellant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that she searched the record on appeal and found "no legal error requiring reversal."  Appellant's counsel therefore requested that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court granted counsel's motion to allow Appellant to file a supplemental brief *in propria persona*, and Appellant did so, raising three issues that we address below.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

**FACTS AND PROCEDURAL HISTORY[1]**

¶3        On September 1, 2016, the Avondale Police Department executed a search warrant on a suspected drug house.  Appellant arrived at the house moments before the police, stopping at the carport.  As the officers approached, they announced their presence, and Appellant began running into the backyard of the house.  Two detectives chased Appellant through the backyard.  Another detective was stationed at an empty lot next to the house and saw Appellant run through the backyard.  As Appellant fled, the three detectives observed him put his hand in his pocket and remove multiple items.  He then jumped over the fence and continued running down the street.  One detective eventually caught Appellant and arrested him.  Another detective later found three items near the fence: a

---

[1]        We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Appellant.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

pipe, a plastic bag, and a wallet. The detective inspected the wallet and found Appellant's identification card along with credit cards displaying his name.

¶4        A grand jury charged Appellant by indictment on May 3, 2017. The charges included one count of possession of a dangerous drug, a class four felony, and one count of possession of drug paraphernalia, a class six felony.

¶5        The three detectives present on the date of Appellant's arrest testified that they witnessed Appellant reach into his pocket and discard items as he fled from the house. One detective testified he immediately identified the items falling from Appellant's pocket as a pipe, a plastic bag, and a wallet. Additionally, a forensic scientist testified that the plastic bag contained 2.52 grams of methamphetamines in a "usable quantity and condition." After the State presented its case, Appellant's counsel did not call any witnesses or present any additional evidence. Instead, counsel made an oral motion for a directed verdict pursuant to Arizona Rule of Criminal Procedure 20, asserting the State failed to present "any substantial evidence of defendant's guilt." The court denied the motion, and the jury subsequently found Appellant guilty on both counts.

¶6        After finding that Appellant had at least two historical prior felony convictions and weighing the mitigating factors, the trial court sentenced Appellant to "the absolute mitigated sentence" of six years' imprisonment for count one and two and one quarter years' imprisonment for count two. The court ordered the sentences to run concurrently and credited Appellant for forty days of presentence incarceration. Appellant filed a timely notice of appeal.

**ANALYSIS**

   I.    *Probable Cause*

¶7        Appellant argues the police lacked probable cause to "search, seize and arrest" him pursuant to Article 2, Section 8 of the Arizona Constitution and the Fourth Amendment of the United States Constitution. He asserts that because his name was not on the search warrant, the police had no reason to believe he was committing a crime.

¶8        Both Article 2, Section 8 and the Fourth Amendment limit the ability of law enforcement officers to stop, search, and seize individuals. The Arizona Supreme Court has recognized that Article 2, Section 8 affords greater protection than the Fourth Amendment in certain contexts. *See State*

*v. Hausner*, 230 Ariz. 60, 74, ¶ 41 (2012) (stating the Arizona Constitution affords individuals greater protection than the United States Constitution when officers attempt to physically intrude into a home). However, when determining the sufficiency of facts supporting an officer's belief that an individual is committing a crime, the Arizona Supreme Court follows federal jurisprudence. *See e.g., State v. Primous*, 242 Ariz. 221 (2017); *State v. Ochoa*, 112 Ariz. 582 (1976).

¶9 Although an individual's presence in an area suspected of criminal activity, standing alone, is not enough to support an officer's suspicion of the individual's criminal activity, an individual's "unprovoked flight upon noticing the police" when in such an area can support an officer's suspicion of criminal activity. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("[O]fficers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation."). Once an officer possesses reasonable suspicion to believe criminal activity is occurring, he or she may pursue an individual to stop and briefly question or "frisk" the individual. *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

¶10 Once an officer elevates an encounter from a brief stop to an arrest without an arrest warrant, the officer must possess probable cause. *See United States v. Watson*, 423 U.S. 411, 417-18 (1976). The Arizona Supreme Court has explained, "[p]robable cause derives from reasonably trustworthy information and circumstances that would lead a person of reasonable caution to believe that a suspect has committed an offense." *State v. Keener*, 206 Ariz. 29, 32, ¶ 15 (2003) (internal quotation omitted). "Further, whether probable cause exists depends on all of the facts and circumstances known at the time of the arrest, and . . . those facts may include the collective knowledge of all of the officers involved in the case." *Id.*

¶11 Here, Appellant encountered the police while they were in the process of executing a search warrant on a suspected drug house. Appellant did not live in the home, and the police had no prior information concerning Appellant or his suspected involvement in drug activities at the home. However, once Appellant fled, this action along with his presence at a suspected drug house gave the detectives reasonable suspicion to believe Appellant was committing a crime. That suspicion elevated to probable cause once one detective witnessed Appellant throw down a pipe, which the detective knew is commonly used to ingest drugs. These facts taken as a whole support the detectives' belief that Appellant was engaged in illegal activity, and his arrest was therefore lawful. *Id.*

*II.    Jury Selection*

**¶12**         Appellant next argues that he was not convicted by a jury of his peers because the jury comprised all "white" members.  At trial, Appellant's counsel moved to challenge the State's peremptory strike of a juror pursuant to *Batson*, and the motion was denied.  *Batson v. Kentucky*, 476 U.S. 79, 85 (1986).

**¶13**         Although defendants have a constitutional right to be tried "by a jury whose members are selected pursuant to nondiscriminatory criteria," a defendant does not have a right to a jury "composed in whole or in part of persons of his own race."  *Id.* (internal citation omitted).  We review the trial court's denial of a *Batson* challenge *de novo* and will reverse only where the court's ruling is clearly erroneous.  *State v. Newell*, 212 Ariz. 389, 400-01, ¶ 52 (2006).

**¶14**         Appellant is an African-American man, and the record shows the jury pool included two African-American individuals.  During voir dire, one of the African-American jurors stated she lives in a community where she feels the police unfairly target individuals, and she indicated she would have a difficult time believing the testimony of a law enforcement officer.  The juror subsequently stated she would be able to set her past experiences aside and be a "fair and impartial" juror.  The State moved to strike the juror for cause, but the court denied the motion after determining the juror was sufficiently rehabilitated.

**¶15**         The State then preemptively struck the juror, and Appellant's counsel challenged the strike pursuant to *Batson*.  The State indicated the juror's feelings toward the police—not her race—caused the strike, and Appellant's counsel argued the juror's rehabilitation should nonetheless prevent the use of a preemptive strike.  The court determined the State struck the juror based on a race-neutral reason.

**¶16**         Under a *Batson* challenge, if the striking party provides a race-neutral explanation for the strike, the burden shifts to the objecting party to show purposeful discrimination.  *Newell*, 212 Ariz. at 401, ¶ 53.  Here, the court acted within its discretion when it accepted the State's explanation and determined Appellant's counsel failed to show any purposeful discrimination.  *Id.* at 400-01, ¶ 52.  We therefore conclude the jury selection process was conducted in accordance with Appellant's constitutional rights.

### III.    Sufficiency of the Evidence

¶17          Finally, Appellant argues the State failed to meet its burden of proof because the only evidence provided was the three detectives' testimony and the forensic scientist's testimony. Appellant asserts the State was required to present "some type of scientific forensic evidence, such as DNA or fingerprints," linking him to the contraband. However, it is well-settled in Arizona that testimony alone may provide sufficient proof to support a conviction. *See e.g.*, *State v. Hall*, 204 Ariz. 442, 454, ¶ 49 (2003) ("[P]hysical evidence is not required to sustain a conviction if the totality of the circumstances demonstrates guilt beyond a reasonable doubt." (internal citation omitted)); *State v. Montano*, 121 Ariz. 147, 149 (App. 1978) ("[O]ne witness, if relevant and credible, is sufficient to support a conviction.") (internal citation omitted).

¶18          Here, three detectives who witnessed Appellant fleeing on the date at issue testified that they saw Appellant remove and discard items from his pocket, and the forensic scientist confirmed the substance in the plastic bag was 2.52 grams of methamphetamine. This evidence constituted substantial evidence and permitted a reasonable jury to conclude Appellant knowingly possessed the drugs and paraphernalia. *See State v. Windsor*, 224 Ariz. 103, 104, ¶ 4 (App. 2010) ("We will not reverse a conviction unless the state has failed to present substantial evidence of guilt.").

¶19          We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Appellant was present and represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶20          The State presented evidence sufficient to allow the jury to convict Appellant, and the jury was properly comprised of twelve members. The court properly instructed the jury on the elements of the charges, the State's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court ultimately imposed legal sentences for the crimes of which Appellant was convicted.

¶21          After the filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue

appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a motion for reconsideration or petition for review.

## CONCLUSION

¶22            Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA