NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CORY DOUGLAS VISTE, *Appellant.*

No. 1 CA-CR 18-0739
FILED 3-31-2020

Appeal from the Superior Court in Maricopa County
No.  CR 2016-128726-001
The Honorable Douglas Gerlach, Judge
The Honorable George H. Foster, Jr., Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Matt G. Hayes Law PLC, Gilbert
By Matthew G. Hayes
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1        Cory Viste appeals his conviction for luring a minor for sexual exploitation and the superior court's imposition of probation. For the following reasons, we affirm.

**BACKGROUND**

¶2        In May 2016, Detective Snyder of the Pinal County Sherriff's Office participated in an internet teen chat room posing as a 13-year-old girl named "Sandi." He began chatting with Viste, who was 31 years old. Viste asked "Sandi" how old she was and Detective Snyder responded that she was 13. Viste asked "Sandi" whether she liked "older guys," and Snyder responded in the affirmative. Eventually, Viste and Snyder began chatting on a social media messenger platform, as well as by email. Viste sent Snyder a picture of himself, and Snyder sent Viste a picture of a teenage girl.

¶3        Viste and Snyder's conversations became sexual in nature. On June 7, 2016, Viste told "Sandi" he wanted her to perform oral sex on him. Snyder responded, "I'm down if u r," and Viste said, "Of course I am ha." Viste also discussed other specific sexual activities with "Sandi" during their online conversations.

¶4        Viste and "Sandi" agreed to meet at a park near her "home" on June 16, 2016. The park was approximately 30 miles away from where Viste lived. Prior to the scheduled meet-up, Snyder briefed the Phoenix police officers who would be involved in Viste's arrest (the "net team"). He gave them an overview of the investigation, explained the probable cause for Viste's arrest, gave them a description of Viste's vehicle, and provided them with his physical description. The net team conducted surveillance of the area around the park, by ground and by air. They observed Viste driving around the park for 20 to 30 minutes, "kind of just perusing." Viste's last email to Snyder said, "I'm here," but Viste did not stop at the park. Concerned that Viste would attempt to make contact with an actual

minor, police decided to pull him over and arrest him.  Snyder, who had not obtained an arrest warrant, arrived as Viste was being arrested by the net team.  Officers searched Viste's vehicle but found no evidence pertaining to the charges.

**¶5**            The State charged Viste with luring a minor for sexual exploitation and attempting to commit sexual conduct with a minor.  Before trial, Viste filed a motion to suppress "the stop" and "all evidence gathered from the stop," arguing he had not committed a traffic violation and police did not have probable cause to arrest.  Following an evidentiary hearing, the superior court denied the motion, finding that even if Viste "had not appeared at the park and had earlier that day stopped communicating all together with law enforcement, there was still enough to support an arrest."

**¶6**            A jury convicted Viste of luring a minor under the age of 15 for sexual exploitation, pursuant to A.R.S. § 13-3554, but acquitted him of attempt to commit sexual conduct with a minor.  The superior court suspended the imposition of sentencing and placed Viste on supervised probation for a term of 15 years.  Viste timely appealed.

## DISCUSSION

**¶7**            Viste argues the superior court erred by denying his motion to suppress because the officers who arrested him lacked reasonable suspicion to stop his vehicle and lacked probable cause to make a warrantless arrest.  We will not set aside a court's ruling on a motion to suppress absent a clear abuse of discretion.  *State v. Guillory*, 199 Ariz. 462, 465, ¶ 9 (App. 2001).  We only consider the evidence presented at the suppression hearing[1], and we view the evidence in the light most favorable to sustaining the court's ruling.  *State v. Weekley*, 200 Ariz. 421, 422, ¶ 3 (App. 2001).  We defer to the court's credibility assessments of police officers and the reasonableness of the inferences they made but consider the court's legal decisions de novo.  *State v. Baggett*, 232 Ariz. 424, 426, ¶ 7 (App. 2013).

**¶8**            An investigatory stop of a motor vehicle constitutes a seizure under the Fourth Amendment but does not require probable cause.  *State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996).  Instead, "the 'totality of the circumstances' must provide 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'"  *Id.* (citation

---

[1]      In their appellate briefs, Viste and the State both include evidence from the trial transcripts, but we have confined the facts in this decision to those presented to the superior court at the suppression hearing.

omitted). Reasonable suspicion of criminal activity is required. *State v. Richcreek*, 187 Ariz. 501, 505 (1997). Although Viste argues there was no reasonable suspicion to stop his vehicle because he did not commit a traffic violation, we do not address whether there was reasonable suspicion for the stop because we conclude the police had probable cause for the arrest.

**¶9** A police officer may arrest an individual without a warrant if the officer has probable cause to believe the individual has committed a felony. A.R.S. § 13-3883(A)(1). An officer has probable cause when there is reasonably trustworthy information that a suspect has committed an offense. *State v. Hoskins*, 199 Ariz. 127, 137–38, ¶ 30 (2000). Probable cause may be based upon the collective knowledge of all of the police officers involved in an investigation. *State v. Keener*, 206 Ariz. 29, 32, ¶ 14 (App. 2003). The State has the burden of showing probable cause to make a warrantless arrest. *State v. Edwards*, 111 Ariz. 357, 360 (1974).

**¶10** We reject Viste's assertion that when the officers stopped and arrested him "there was no specific criminal activity involving or connected to [him]." "A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor." A.R.S. § 13-3554(A). Detective Snyder had probable cause to believe that Viste had committed the offense of luring a minor for sexual exploitation when Viste emailed "Sandi," who he believed to be 13 years old, told her he wanted her to perform oral sex, and asked her whether she was interested in participating in other sexual activities. The probable cause that Viste committed the offense of luring a minor justified both the stop and Viste's arrest. The fact that Viste did not commit a traffic offense before he was pulled over is immaterial.

**¶11** Viste also argues that when Detective Snyder requested the net team to arrest him he did not know for certain who was driving Viste's vehicle. However, Detective Snyder provided the net team with Viste's physical description and a description of his vehicle, and the team identified Viste's vehicle driving around the park. That information provided officers with sufficient probable cause to arrest Viste and thus the superior court did not abuse its discretion in denying his motion to suppress.

**CONCLUSION**

**¶12** For the foregoing reasons, we affirm Viste's conviction for luring a minor under the age of 15 and the superior court's imposition of probation.



AMY M. WOOD • Clerk of the Court
FILED: AA