692 P.2d 287

**STATE of Arizona, Appellant,**

v.

**Philip Ray LUCERO and Nettie Lucero, Appellees.**

No. 6400–PR.

Supreme Court of Arizona,
In Banc.

Dec. 11, 1984.

Robert K. Corbin, Atty. Gen. by Steven J. Twist, Chief Counsel, Organized Crime and Racketeering Div., and Sherry K. Stephens, Asst. Atty. Gen., Phoenix, for appellant.

Kemper & Henze by James Hamilton Kemper and Stewart & McLean, Ltd. by William H. McLean, Phoenix, for appellees.

CAMERON, Justice.

This is a petition for review of a memorandum decision of Division One of the Court of Appeals which affirmed the trial court's granting of defendants Philip and Nettie Lucero's motion to suppress evidence. We have jurisdiction pursuant to Art. 6, § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24, and Rule 31.19 of the Arizona Rules of Criminal Procedure, 17 A.R.S.

The only issue raised in the petition for review, Rule 31.19(c), Arizona Rules of Criminal Procedure, 17 A.R.S., is whether the Court of Appeals erred in holding that defendants' alleged accomplice lacked authority to consent to a police search of a storage locker in which defendants' goods were stored.

The facts follow. On 3 October 1982 defendants reported to the police that the contents of their Phoenix home had been burglarized while they were out of town

for the weekend. They subsequently filed an insurance claim of approximately $70,-000. Because of the enormity of the claim and defendants' uncooperativeness, Phoenix Police Officers Dan G. Gibson and Robert E. Nixon pursued the case as an insurance fraud investigation. During an interview, defendants told the officers that they had contact with a Thomas Brown prior to their weekend trip. Nixon then contacted storage locker businesses in Phoenix to determine if either defendants or Thomas Brown had rented space to store the goods reported stolen. Nixon learned that Thomas Brown had rented space and that his rental contract listed Paul "Skip" Brown (Brown) as a reference. Subsequent investigation revealed that Brown had rented space in a different storage locker facility. Upon being contacted by the police, Brown admitted that he had placed defendants' belongings in the storage facility. Only later did Brown learn that defendants were engaged in criminal conduct.

Brown told the officers that, upon defendants' request, he rented a third locker in Flagstaff in his name and that he moved the household goods into it. He gave one set of keys to defendants but retained a second set without their knowledge. He gave this set to Nixon and wrote a note authorizing Nixon to enter the Flagstaff locker. Upon doing so, Nixon discovered the items reported stolen. A warrant was then issued to allow police to search defendants' home for storage locker contracts and keys. These items were seized. Defendants were each charged in an indictment with attempted fraudulent schemes and artifices, A.R.S. §§ 13–2310 and –1001; filing a fraudulent insurance claim, A.R.S. § 44–1220; conspiracy, A.R.S. § 13–1003; and attempted theft, A.R.S. §§ 13–1802 and –1001. The trial court granted defendants' motion to suppress and the Court of Appeals affirmed. We granted the State's petition for review of the decision and opinion of the Court of Appeals.

The State contends that the trial court and Court of Appeals erred in holding that the warrantless search of the storage locker was improper. We agree.

Generally, law enforcement officials must obtain a warrant before searching premises in which an individual has a reasonable expectation of privacy. U.S. Const. amends. IV and XIV; *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Myers*, 117 Ariz. 79, 570 P.2d 1252 (1977), cert. denied, 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978). An exception to this requirement exists, however, where a person having authority to consent to a warrantless search, does so. *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Schneckloth, supra; State v. Pacheco*, 121 Ariz. 88, 588 P.2d 830 (1978). In the instant case, there is no issue as to the voluntariness of Brown's consent. The question then is whether Brown had sufficient relationship to the premises to give permission to search. *State v. Girdler*, 138 Ariz. 482, 675 P.2d 1301 (1983); *State v. McGann*, 132 Ariz. 296, 645 P.2d 811 (1982).

In *Girdler, supra*, 138 Ariz. at 486, 675 P.2d at 1305, we held that "[t]he question of sufficient relationship is one of apparent authority." We found such authority existed where the defendant's mother told the police she was a joint owner of the premises to be searched, which she was, and that she had authority to consent to a search. We held that a warrant was not required under circumstances where investigators, in reasonable reliance upon the mother's permission to conduct a search, failed to obtain a warrant. Similarly, apparent authority to consent to search a car was found where a defendant gave the keys and control over the car to one who passed the keys and control on to the person who consented to a search. *State v. McGann, supra*.

In the instant case, we have no difficulty in finding that Brown had apparent authority to consent to the search of the storage locker. Brown's name appeared on the rental agreement, and he would have been responsible for the payment of rent had it become delinquent. Additionally,

Brown retained a set of keys to the locker. The police could reasonably rely upon such strong indicia of Brown's authority to consent to a search. *See, e.g., United States v. Sledge*, 650 F.2d 1075 (9th Cir.1981) (search valid where officer in good faith reasonably, even if mistakenly, relied on apparent authority of third party to consent to search). We agree with the reasoning expressed by the Fourth Circuit Court of Appeals:

> Valid third-party consent to a search may be given by one who "shares with the absent target of the search a common authority over, general access to, or mutual use of the place or object sought to be inspected under circumstances that make it reasonable to believe that the third person has the right to permit the inspection in his own right and that the absent target has assumed the risk that the third person may grant this permission to others."

*United States v. Sellers*, 667 F.2d 1123, 1126 (4th Cir.1981) (citations omitted). *See also United States v. Gunter*, 546 F.2d 861 (10th Cir.1976), cert. denied, 431 U.S. 920, 97 S.Ct. 2189, 53 L.Ed.2d 232 (1977).

 The State's burden is to prove consent by clear and positive evidence. *State v. Lynch*, 120 Ariz. 584, 586, 587 P.2d 770, 772 (1978); *State v. Patricella*, 109 Ariz. 393, 393, 510 P.2d 39, 39 (1973); *State v. Kananen*, 97 Ariz. 233, 235, 399 P.2d 426, 428 (1965). In the instant case, we believe the State has successfully met its burden.

The opinion of the Court of Appeals is vacated and the trial court's order granting defendants' motion to suppress is reversed. The matter is remanded for proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.