IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee,*

*v.*

FELICIANO ONTIVEROS-LOYA,
*Appellant.*

No. 2 CA-CR 2014-0159
Filed June 30, 2015

---

Appeal from the Superior Court in Pima County
No. CR20132226001
The Honorable Deborah Bernini, Judge

## VACATED IN PART AND REMANDED

---

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By David A. Sullivan, Assistant Attorney General, Tucson
*Counsel for Appellee*

Lori J. Lefferts, Pima County Public Defender
By Erin K. Sutherland, Assistant Public Defender, Tucson
*Counsel for Appellant*

**OPINION**

Presiding Judge Miller authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Espinosa concurred.

M I L L E R, Presiding Judge:

¶1        Following a jury trial, Feliciano Ontiveros-Loya was convicted of possession of a deadly weapon by a prohibited possessor. The trial court sentenced him to an eight-year prison term. On appeal, Ontiveros-Loya argues the court abused its discretion by failing to suppress evidence obtained during a search of his motel room because his consent to search the room was neither knowing nor voluntary. He also contends the search of his cell phone incident to his arrest was unlawful and the violation was not cured by the search warrant police later obtained. Ontiveros-Loya additionally asserts that the court improperly admitted the photographs found on his cell phone and abused its discretion by failing to give a related limiting instruction and by giving a constructive possession instruction. Finally, he maintains his conviction must be overturned because the jury verdict might not have been unanimous and he was convicted of an offense not presented to the grand jury. For the following reasons, we vacate the court's suppression ruling and remand for a determination on the issue of whether Ontiveros-Loya consented to a search of his cell phone.

**Factual and Procedural Background**

¶2        We view the facts in the light most favorable to sustaining Ontiveros-Loya's conviction and sentence. *See State v. Sarullo*, 219 Ariz. 431, ¶ 2, 199 P.3d 686, 688 (App. 2008). On an evening in May 2013, Ontiveros-Loya approached S.R. outside a motel in Tucson and told her if she did not go back to his motel room with him, he would shoot her. S.R. saw a gun tucked into Ontiveros-Loya's pants. He grabbed her arm, but she pushed away and fled.

¶3        A detective with the Pima County Sheriff's Department responded to a market near the motel after S.R. called 9-1-1. Detectives later found Ontiveros-Loya in his motel room. He initially identified himself as Oscar Lopez, but at some unspecified later time he provided his true name. The detectives asked for consent to search the room, which they testified Ontiveros-Loya gave. The detectives found a firearm magazine and a cell phone in the room. The cell phone included photographs of a silver handgun.

¶4        Ontiveros-Loya was charged with one count of possession of a weapon by a prohibited possessor, one count of attempted kidnapping, and one count of aggravated assault.[1] He filed several suppression motions, including a motion to suppress the evidence found on the cell phone, which the trial court denied. The jury found him guilty of the prohibited possessor charge, and the court sentenced him as described above. Ontiveros-Loya timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(1).

## Discussion

¶5        Ontiveros-Loya argues the trial court abused its discretion by denying his motion to suppress the photographs found on his cell phone. We review the denial of a motion to suppress for an abuse of discretion. *State v. Jacot*, 235 Ariz. 224, ¶ 9, 330 P.3d 981, 984 (App. 2014). We consider only the evidence presented at the suppression hearing, and we view that evidence in the light most favorable to sustaining the court's rulings. *State v. Kinney*, 225 Ariz. 550, ¶ 2, 241 P.3d 914, 917 (App. 2010).

¶6        In his motion, Ontiveros-Loya argued that, because he had no access to the cell phone at the time of his arrest, the "search incident to arrest" exception to the warrant requirement did not apply. He further contended that the search "exceeded the scope of

---

[1] Ontiveros-Loya moved to sever the prohibited possessor charge from the remaining charges, and the trial court granted the motion. The court later granted the state's motion to dismiss the attempted kidnapping and aggravated assault charges.

any reasonable search incident to arrest." The state argued that officers were permitted to search Ontiveros-Loya's cell phone incident to his arrest because "[i]t is more than reasonable that deputies believed that [the] cell phone could contain evidence of the incident involving [S.R.]."[2] The state also contended that Ontiveros-Loya knowingly and voluntarily consented to a search of his motel room, where the phone was found, so its search "was permissibly within the scope of the search of [the] motel room."

¶7        The trial court denied the motion to suppress, stating "the search incident to arrest in large part could be justified in the fact that [Ontiveros-Loya] gave conflicting information regarding his ID" and "one of the reasons given eventually for the search of the cellphone data in the warrant was for identification purposes." The court concluded, "[T]hat was a legitimate use of the phone as a search incident to arrest where having access to the phone would have assisted [detectives] in getting correct information to verify who [Ontiveros-Loya] was." The court also found "it was inevitable that [detectives] would discover the photographs" of the gun.

¶8        After the trial court denied his motion to suppress, Ontiveros-Loya interviewed Detectives Garrick Carey and Rogelio Moreno. In his interview, Moreno stated the detectives only had consent to search for a gun, and Carey confirmed they were "[l]ooking for a firearm." Moreno also stated Ontiveros-Loya was not under arrest when they searched the cell phone, but he was seated in the back of a patrol car, and Carey stated the decision to arrest him was made at the end of the investigation. Moreno stated the detectives were looking for "anything that . . . was pertinent to the investigation," such as "[p]ictures of a female, pictures of the gun that was in question, pictures of . . . [Ontiveros-Loya] holding the gun," and Carey stated the detectives were looking for evidence that would otherwise possibly be lost or destroyed if they did not keep the phone.

---

[2]The state also suggested the detectives could search the cell phone because it was in plain view but did not pursue that argument at the suppression hearing and has not raised it on appeal.

¶9          Based on the interviews, Ontiveros-Loya filed a motion
for reconsideration of the trial court's denial of his motion to
suppress.  He argued "the search of the cell phone was not incident
to or contemporaneous with an actual arrest."  Ontiveros-Loya also
asserted the detectives were not looking for information about his
identity and instead were "trying to figure out whether they could
find additional evidence of the crimes alleged."  The court denied
the motion.

¶10          The Fourth Amendment of the United States
Constitution and Article II, § 8, of the Arizona Constitution protect
against unreasonable searches and seizures.  Warrantless searches of
homes are presumptively invalid, *Jacot*, 235 Ariz. 224, ¶ 10, 330 P.3d
at 984, and motel rooms have been afforded the same protections as
homes, *see, e.g.*, *State v. Davolt*, 207 Ariz. 191, ¶ 23, 84 P.3d 456, 467
(2004) ("Hotel guests are entitled to full constitutional protection
against unreasonable searches and seizures.").  The state carries the
burden of proving that a warrantless search is constitutionally valid
under an exception to the warrant requirement.  *See State v. Olm*, 223
Ariz. 429, ¶ 5, 224 P.3d 245, 247 (App. 2010).  In its ruling on the
motion to suppress, the trial court concluded that the warrantless
search of Ontiveros-Loya's cell phone was justified as a search
incident to arrest.

¶11          In *Chimel v. California*, the United States Supreme Court
considered "the permissible scope under the Fourth Amendment of
a search incident to a lawful arrest."  395 U.S. 752, 753 (1969).  There,
officers executing an arrest warrant searched the defendant's entire
house incident to his arrest.  *Id.* at 753-54.  The Court offered two
justifications for permitting searches of an arrestee's person incident
to arrest—officer safety and the prevention of concealment or
destruction of evidence.  *Id.* at 763.  The Court reasoned that "[w]hen
an arrest is made, it is reasonable for the arresting officer to search
the person arrested in order to remove any weapons that the latter
might seek to use in order to resist arrest or effect his escape."  *Id.* at
762-63.  In addition, "the area into which an arrestee might reach in
order to grab a weapon or evidentiary items must, of course, be
governed by a like rule" because a weapon within the reach of an

arrestee "can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested." *Id.* at 763. Thus, the Court concluded, officers may search "the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Id.*

¶12 The Court declined, however, to extend the exception to searches of an entire house. *Id.* The Court explained, "There is no comparable justification . . . for routinely searching any room other than that in which an arrest occurs—or, for that matter, for searching through all the desk drawers or other closed or concealed areas in that room itself." *Id.* Such searches must be made pursuant to a warrant, unless another exception applies. *Id.*

¶13 In *Riley v. California*,[3] the Court considered "whether the police may, without a warrant, search digital information on a cell phone seized from an individual who has been arrested." ___ U.S. ___, ___, 134 S. Ct. 2473, 2480 (2014). There, officers searched each arrestee's person incident to arrest and found cell phones, which the officers also searched. *Id.* at ___, 134 S. Ct. at 2480-81. The Court observed that the two risks identified in *Chimel*—harm to officers and destruction of evidence—do not exist when the search is of digital data. *Id.* at ___, 134 S. Ct. at 2484-85. The Court also reasoned that "[a] search of the information on a cell phone bears little resemblance to [a] brief physical search" because "[c]ell phones . . . place vast quantities of personal information literally in the hands of individuals." *Id.* at ___, 134 S. Ct. at 2485. Thus, the Court held that

---

[3] Ontiveros-Loya was sentenced before *Riley* was decided. However, "newly announced rules of constitutional criminal procedure must apply 'retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception.'" *Davis v. United States*, ___ U.S. ___, ___, 131 S. Ct. 2419, 2430 (2011), *quoting Griffith v. Kentucky*, 479 U.S. 314, 328 (1987); *see also United States v. Spears*, 31 F. Supp. 3d 869, 874 (N.D. Tex. 2014) (treating *Riley* as new rule of constitutional criminal procedure); *State v. Henderson*, 854 N.W.2d 616, 630 (Neb. 2014) (same).

"officers must generally secure a warrant before conducting" a search of a phone found on the person of an arrestee. *Id.*

¶14      The Court further observed that "[d]igital data stored on a cell phone cannot itself be used as a weapon to harm an arresting officer or to effectuate the arrestee's escape." *Id.* Officers may seize and secure cell phones to prevent destruction of evidence while they seek a warrant, but "once law enforcement officers have secured a cell phone, there is no longer any risk that the arrestee himself will be able to delete incriminating data from the phone." *Id.* at ___, 134 S. Ct. at 2486. The Court rejected the argument that concerns about "remote wiping and data encryption" justified searches of cell phones incident to arrest, stating, "[T]hese broader concerns about the loss of evidence are distinct from *Chimel*'s focus on a defendant who responds to arrest by trying to conceal or destroy evidence within his reach." *Id.*

¶15      In response to the argument that an arrestee's reduced privacy interests justify the search of a cell phone incident to arrest, the Court stated, "The fact that an arrestee has diminished privacy interests does not mean that the Fourth Amendment falls out of the picture entirely." *Id.* at ___, 134 S. Ct. at 2488. Rather, the Court observed that "[m]odern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." *Id.* at ___, 134 S. Ct. at 2488-89. Thus, the Court's "answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." *Id.* at ___, 134 S. Ct. at 2495.

¶16      We have found no Arizona case that applies *Riley* to the warrantless search of a cell phone located in the room where a person has been arrested, but not within the arrestee's reach. We conclude *Chimel* and *Riley* prohibit such a search. First, neither of the justifications identified in *Chimel* applies here. The cell phone was not within Ontiveros-Loya's reach because he was seated in the back of a patrol car during the search of the motel room, so he could not have used it to endanger the officers or destroy evidence. In addition, the detectives searched Ontiveros-Loya's photographs, implicating the privacy interests described by the Court in *Riley*. As

the Court observed, "The sum of an individual's private life can be reconstructed through a thousand photographs labeled with dates, locations, and descriptions; the same cannot be said of a photograph or two of loved ones tucked into a wallet." *Id.* at ___, 134 S. Ct. at 2489. Thus, we conclude the warrantless search of the cell phone was invalid under *Chimel* and *Riley.*

¶17        The trial court also found the warrantless search justified because Ontiveros-Loya had given "conflicting information" regarding his identity. The state cites no authority,[4] and we have found none, that permits a search of a cell phone incident to arrest for the purpose of verifying the arrestee's identity. Even if such a search came within an exception to the warrant requirement, the evidence produced at the suppression hearing established only that Ontiveros-Loya initially gave a false name and at some unspecified time later provided his true name. There is no indication from the testimony presented at the hearing that the detectives had any reason to doubt Ontiveros-Loya's identity before they searched the cell phone. Thus, we conclude its search was not incident to his arrest and the court abused its discretion in denying the motion to suppress on that basis.

¶18        The trial court also found the detectives inevitably would have discovered the photographs on Ontiveros-Loya's cell phone. Pursuant to the inevitable discovery doctrine, illegally obtained evidence is admissible if "'the prosecution can establish by a preponderance of the evidence that the illegally seized items or information would have inevitably been seized by lawful means.'" *State v. Rojers*, 216 Ariz. 555, ¶ 18, 169 P.3d 651, 655 (App. 2007), *quoting State v. Jones*, 185 Ariz. 471, 481, 917 P.2d 200, 210 (1996).

¶19        The detectives eventually obtained a warrant to search the cell phone.[5] But Ontiveros-Loya argues the application for the

---

[4]Indeed, the state does not argue the trial court's rationale was correct.

[5]The warrant permitted the officers to search Ontiveros-Loya's cell phone for digital photographs, text messages, emails, telephone numbers and contacts, and owner identification.

warrant was based on the photographs found during the initial search of the cell phone. He states "it appears that the evidence found during the unlawful search is what prompted the officers to subsequently seek the warrant." The state responds, "[T]here is nothing in the record demonstrating that information was used to later obtain the search warrant" and Ontiveros-Loya "fails to overcome the presumption that the search warrant was valid." But it was the state's burden at the suppression hearing to prove inevitable discovery applied, *see id.*, so it was the state's responsibility to produce the affidavit to demonstrate it was not based on the photographs found during the initial search.

¶20 Because the affidavit supporting the search warrant was not proffered at the suppression hearing, the trial court could not determine on what basis the police sought the warrant or whether it was supported by probable cause after omitting any unlawfully obtained information. There was no testimony that would allow the court to conclude the officers could have obtained the warrant to search the cell phone without the photographs found during the initial search. *See Davolt*, 207 Ariz. 191, ¶ 36, 84 P.3d at 469 (refusing to apply inevitable discovery doctrine where "no information was adduced that the evidence discovered . . . might ever have been obtained lawfully"). Thus, we conclude the court abused its discretion in denying Ontiveros-Loya's motion to suppress based on the inevitable discovery doctrine.

¶21 Although the trial court erred by denying Ontiveros-Loya's motion to suppress, we will not reverse a conviction if the error was harmless. *Id.* ¶ 39. "Error is harmless if we can conclude beyond a reasonable doubt that it did not contribute to or affect the verdict." *State v. Towery*, 186 Ariz. 168, 185, 920 P.2d 290, 307 (1996). Under that standard, the question "'is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.'" *State v. Valverde*, 220 Ariz. 582, ¶ 11, 208 P.3d 233, 236 (2009), *quoting State v. Anthony*, 218 Ariz. 439, ¶ 39, 189 P.3d 366, 373 (2008). "We can find error harmless when the evidence against a defendant is so overwhelming

that any reasonable jury could only have reached one conclusion." *Anthony*, 218 Ariz. 439, ¶ 41, 189 P.3d at 373.

**¶22**　　　The strongest evidence produced at trial that Ontiveros-Loya had possessed a deadly weapon was the photographs of him holding a gun. The only other such evidence was S.R.'s testimony that she saw a gun in Ontiveros-Loya's waistband and the magazine found in the motel room. Despite an "extensive" search of the motel room and the surrounding area, police never found a gun. In addition, another person had rented the motel room, and the jury could have believed that the magazine belonged to that individual. S.R. testified that the incident took place late at night in an area that was not well-lit. She also had difficulty remembering the sequence of events, stating she could not remember at what point Ontiveros-Loya told her he would shoot her if she did not come back to his room with him. S.R. also testified that the incident happened "really fast" and that Ontiveros-Loya never pulled out the gun, showed it to her, pointed it at her, or "made any indication . . . of using the gun or having the gun." We cannot eliminate the possibility that the error contributed to the guilty verdict or conclude the other evidence was so overwhelming that any reasonable jury was bound to reach one conclusion. *Id.* ¶¶ 39, 41. Thus, the error was not harmless.

**¶23**　　　Although the trial court did not rely on Ontiveros-Loya's purported consent to search the motel room in denying his motion to suppress the evidence found on the cell phone, the state raised the consent question in its response to the motion to suppress, and both parties addressed consent at the suppression hearing.[6]

---

[6]The state argues Ontiveros-Loya waived all but fundamental error review of the question of his consent to search the cell phone because he did not argue in his suppression motion that the search exceeded the scope of his consent to search the motel room. But the state argued at the hearing that Ontiveros-Loya consented to the search of the cell phone, and Ontiveros-Loya responded to the argument. The trial court therefore was given the opportunity to rule on the issue. *See State v. Deschamps*, 105 Ariz. 530, 533, 468 P.2d 383, 386 (1970). We conclude the issue is preserved for our review.

Specifically, the state argued that Ontiveros-Loya gave the detectives his consent to search the motel room, and that consent also allowed them to search the cell phone, which was located in the room. Ontiveros-Loya responded that "the idea that his consent to search a hotel room means that he also consented to search everything that was on a phone that happened to be in the hotel room . . . goes way too far."

**¶24** Consent is another "long recognized exception to the warrant requirement." *State v. Guillen*, 223 Ariz. 314, ¶ 11, 223 P.3d 658, 661 (2010). It was the state's burden to show Ontiveros-Loya consented to the search of the motel room, *State v. Lucero*, 143 Ariz. 108, 110, 692 P.2d 287, 289 (1984), and that the search was conducted within the scope of consent, *State v. Ahumada*, 225 Ariz. 544, ¶ 14, 241 P.3d 908, 912 (App. 2010). The scope of consent "is a question of fact to be determined from the totality of the circumstances," *State v. Swanson*, 172 Ariz. 579, 583, 838 P.2d 1340, 1344 (App. 1992), based on an objective standard of what a reasonable person would understand from the exchange between the officer and the suspect, *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). "[T]he scope of a consensual search is defined by the scope of the consent given," *State v. Flores*, 195 Ariz. 199, ¶ 26, 986 P.2d 232, 238 (App. 1999), and "is limited by the items about which the officer inquired as a predicate to the search." *Swanson*, 172 Ariz. at 583, 838 P.2d at 1344.

**¶25** The testimony at the suppression hearing did not establish which items the detectives inquired about as a predicate to the search. In addition, there was no evidence that Ontiveros-Loya's consent to search the motel room extended to a search of the contents of his cell phone. The consent form he signed was not admitted into evidence at the suppression hearing. Because the parties raised this issue below, but the trial court did not rule on it and the record is insufficient for us to rule on the issue as a matter of law, we remand this matter to the court for the limited purpose of considering the issue of consent to search the cell phone. "Taking into consideration 'the goals of timely administering justice and searching for the truth,' we believe a remand for limited proceedings most efficiently resolves the issues at hand and preserves

[Ontiveros-Loya's] right to seek relief from the court's ruling on remand." *State v. Peterson*, 228 Ariz. 405, ¶ 19, 267 P.3d 1197, 1203 (App. 2011) (citation omitted).

## Disposition

**¶26**　　　For the foregoing reasons, the trial court's ruling denying Ontiveros-Loya's motion to suppress is vacated, the matter is remanded for the limited purpose of allowing the court to rule on the issue of consent to search the cell phone, and the remainder of the appeal is stayed. [7] If the trial court rules Ontiveros-Loya consented to the search of the cell phone, it will cause a certified copy of its minute entry to be transmitted to the clerk of this court. If no objection to that ruling is presented to this court within fifteen days of the ruling, the stay will be lifted, and we will consider the remaining issues on appeal. If the court finds Ontiveros-Loya did not consent to the search of the cell phone, it is directed to enter an order granting Ontiveros-Loya a new trial at which the evidence obtained from the phone will be suppressed and the stayed portion of this appeal will be dismissed as moot.

---

[7]We recognize that the trial court did not have the benefit of the *Riley* decision when it ruled on Ontiveros-Loya's motion to suppress, which might account for the omission on the consent issue. *See State v. Caraveo*, 222 Ariz. 228, ¶ 23, 213 P.3d 377, 382 (App. 2009) (remand proper where trial court failed to address argument that defendant consented to search).