NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LANDRY PERKINS, *Appellant.*

No. 1 CA-CR 17-0337
FILED 3-27-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-149080-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**        Landry Perkins appeals his convictions of possession of dangerous drugs and possession of marijuana and the resulting sentences. Perkins's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Perkins was given the opportunity to file a supplemental brief, and raised the following issues: violation of his Fourth Amendment rights, credibility of witness testimony, and ineffective assistance of counsel. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Perkins's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Police responded to reports of a fight in an apartment parking lot on October 10, 2014. By the time police arrived at the apartment, there was no longer a fight in the parking lot, but a neighbor indicated to them that the individuals involved in the fight had entered one of the apartments.

**¶3**        Officers knocked on that apartment door and announced their presence. Two individuals answered the door and provided ambiguous responses to questions regarding the parking lot fight and whether anyone else was in the apartment. The police asked the individuals to step outside of the apartment, and the two obliged the officers' request. Police further announced their presence, and Perkins emerged from a back room.

**¶4**        Perkins was then asked to step outside of the apartment, and he complied. After a search of the apartment, the officers ran a warrant check on Perkins and the other two individuals. The warrant check turned up a warrant for Perkins's arrest, at which point the officers arrested him.

Perkins was searched incident to the arrest by one of the officers, and the officer found in Perkins's pocket a plastic pill bottle containing marijuana and methamphetamine.

¶5        Perkins was charged with possession of dangerous drugs and possession of marijuana. Before trial, Perkins moved to suppress the evidence obtained from the officers' search incident to arrest. The court held a two-day hearing on the motion to suppress, after which, the court denied the motion.

¶6        After a three-day trial, the jury found Perkins guilty of one count of possession of dangerous drugs, a Class 4 felony, and one count of possession of marijuana, a Class 6 felony. After the trial, Perkins's counsel requested an evaluation to determine if Perkins was competent. The court held a competency hearing and determined Perkins to be competent. After finding Perkins had five prior felony convictions, the court sentenced Perkins to a term of seven years' imprisonment for possession of dangerous drugs, to be served concurrently to a term of 2.5 years' imprisonment for possession of marijuana, with 674 days' presentence incarceration credit. Perkins timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.01(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶7        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none. In his supplemental brief, Perkins raises the following issues: violation of his Fourth Amendment rights, credibility of witness testimony, and ineffective assistance of counsel.

**A.        The Officers Did Not Violate Perkins's Fourth Amendment Rights by Asking Him to Come Out of the Apartment and Searching Him Incident to Arrest.**

¶8        Perkins contends that police illegally seized him when police asked him to come out of the apartment. Perkins contends that this seizure lead to his arrest, search incident to arrest, and discovery of methamphetamine and marijuana on his person. The superior court held a two-day suppression hearing and ultimately denied the motion.

¶9        "We review the denial of a motion to suppress for an abuse of discretion." *State v. Ontiveros-Loya*, 237 Ariz. 472, 475, ¶ 5 (App. 2015). If there is "any reasonable evidence in the record to sustain [a decision]," we

will uphold the decision. *State v. Morris*, 215 Ariz. 324, 341, ¶ 77 (2007) (quoting *State v. Veatch*, 132 Ariz. 394, 396 (1982)). The three arresting officers and Perkins all testified at the motion hearing. The court found that Perkins voluntarily left the apartment at the officers' request. Considering the testimony and evidence presented at the hearing, the superior court did not abuse its discretion by denying Perkins's motion to suppress evidence on Fourth Amendment grounds.

**B.      Witness Credibility is Determined by the Jury.**

**¶10**          Perkins contends the witnesses whom testified at trial were untruthful in their testimony. Arizona Rule of Evidence 607 allows a defendant to impeach the credibility of witnesses testifying at trial through cross-examination and introduction of additional evidence or witnesses. It is the province of the jury, however, and not this court, "to weigh the evidence and determine the credibility of the witnesses." *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). There is no arguable error.

**C.      Ineffective Assistance of Counsel Claims Are Not Addressed on Direct Appeal.**

**¶11**          Perkins contends his attorney ineffectively represented him during the proceedings. Ineffective assistance of counsel claims can only be raised in post-conviction relief proceedings, not on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). We do not address ineffective assistance of counsel claims on direct appeal. *See id.*

**¶12**          Perkins was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Perkins all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Perkins's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶13** Perkins's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Perkins's representation in this appeal will end after informing Perkins of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA